### DENVER & RIO GRANDE RY. CO. v. OLSEN.

| 4 | 239 |
|---|---|
| 4 | 526 |
| 4 | 239 |
| 1a | 230 |
| 4 | 239 |
| 13a | 308 |

1. It is not proper to submit to a jury the question as to the proper construction of a town ordinance admitted in evidence.

2. When a railway company, in the exercise of its lawful business, in running a train through the street of an incorporated city (which prohibited by ordinance certain animals running at large), killed an animal within the city limits, the animal coming within the prohibition of the ordinance; *held*, that the company was liable only if the animal's death was the result of gross negligence on the part of the company's servants.

*Appeal from District Court of Pueblo County.*

OLSEN, the appellee, had judgment on the verdict in the district court, in the sum of $100.

Messrs. WELLS, SMITH & MACON, for appellant.

Mr. A. B. PATTON, for appellee.

THATCHER, C. J.   This was an action to recover damages for the killing of a mule, the property of the appellee, by a freight train of the appellant, in the city of Pueblo, July 1st, A. D. 1876. It was tried in the district court without

written pleadings, having been appealed from a justice's court.

The mule, at the time it was killed, was, and for some time prior thereto, had been running at large within the city limits.

The company's defense is, that it is not liable for the value of the mule, in the absence of gross negligence on its part, as Olsen had suffered the same to run at large in violation of the city ordinance. Instructions to this effect were asked by the company, and refused by the court. By reference to the record we find that section one of "An ordinance" of the city of Pueblo, "to restrain certain animals from running at large," is as follows:

"Section 1. That any cattle, swine, mules, horses, jacks, goats or stallions running at large within the city, are hereby declared to be a nuisance, and any owner or keeper of any such animal who shall suffer the same to run or be found at large, shall be subject to a fine of two dollars for each twenty-four hours such animal shall be suffered to remain at large."

The appellee insists that the substance of the instructions refused, upon this point, were given by the court in instruction number five, which was as follows:

"If you believe from the evidence that the plaintiff voluntarily suffered the mule which was killed to run at large within the limits of the city of Pueblo, *and that the same was contrary to the ordinances of said city*, then, if the animal was killed by a passing train within the limits of said city, the defendant is not liable except upon proof of gross neglect on the part of the agents."

This instruction is, *in the main*, correct, but we think it is erroneous, in so far as it submits to the jury the question as to the proper construction of the town ordinance. It is assumed in argument by the appellee, that his act in permitting the mule to run at large for a continuous number of hours, less than twenty-four, is not in contravention of the

ordinance. This is not its correct interpretation. Whether the mule was permitted to run at large one hour or twenty-four is immaterial. Any mule running at large, without regard to the length of time he is permitted to remain at large, is declared to be a nuisance.

If the jury believed from the evidence that the plaintiff suffered the mule to run at large, the ordinance was violated without regard to the belief of the jury as to its proper construction. The instruction was, we think, misleading. With correct instructions the jury might properly, although they would not necessarily, have found a different verdict.

Although the mule was unlawfully at large, it does not necessarily follow that the company is not liable. If the mule was wantonly killed — if its death was the result of gross negligence on the part of the agents of the company, the plaintiff, notwithstanding the fact that the mule was unlawfully at large, is entitled to recover. The railway company was in the exercise of its lawful business, and its agents had the right to presume that the track would not be obstructed within the corporate limits of the city by animals running at large. They were not called upon to adopt any previous precautions, although required to avoid doing any injury, if it could be prevented at the time.

The true rule is laid down as follows, in 1 Redfield on the Law of Railways, p 523:

"Every one in the exercise of a lawful business has the right to expect, and conduct his business upon the expectation that others will also perform their duty, and if they do not, that they will be required by the administrators of the law to take the natural consequences of such neglect, provided that even when in fault, in exposing themselves or their property to damage and loss from the lawful pursuit of lawful business by others, they be not wantonly damaged by such others, but only from necessity."

The judgment of the court below is reversed, and the

VOL. IV—31.

cause remanded for further proceedings, not inconsistent with this opinion.

*Reversed.*

Mr. Justice STONE having been of counsel did not sit in the cause.