## WILLARD *v.* MATHESUS.

*(Supreme Court of Colorado, December Term, 1883—Appeal from the County Court of Elbert County.)*

1. FENCE—CATTLE—COMMON LAW RULE. The common law rule requiring every owner to keep his beasts in his own close, and making him liable for damages if they go upon the premises of another, so far as it applies to cattle upon a range, is not in force in Colorado.

2. SAME—SAME—DAMAGES. The general law of this State permits the owners of cattle to allow them to range at will, and, in the absence of local acts, the owners of crops can only recover for damages done thereto by the trespasses of cattle, when such crops are, at the time of the trespass, enclosed by good and sufficient fence.

3. SAME—SAME—SHEEP. The rule as to sheep is different. It is the custom to close-herd sheep upon the range. This custom has the force of law. In view of these customs, farmers make their fences good against cattle, but not necessarily against sheep. It is the duty of the herder in charge of a flock of sheep to use ordinary care to prevent their trespassing upon crops, and in the absence of such care, the owner of the sheep will be held responsible for damage to crops by them.

HELM, J. Appellee was the owner of a quarter section of patented land; forty acres of this land were inclosed by a pole and slab fence, which, according to the evidence, was probably sufficient to protect appellee's crop from cattle and horses running at large; but it was no protection against sheep, as they could pass through it almost anywhere without injury either to themselves or to the fence. Appellant's flocks, while in charge of herders, strayed upon appellee's lands, through her said fence, and damaged her hay crop. She brought suit; the

cause was tried on appeal by the County Court, without the intervention of a jury, and judgment rendered in her favor for the sum of fifty dollars damages; from that judgment this appeal is taken.

Several years before these alleged trespasses occurred, our Legislature adopted what is known as the fence law; in this act they specify what shall be a lawful fence, and provide that any person suffering injury to his crops by the trespass of animals may recover damages for such injury, provided the crop be surrounded by such a fence as is therein described. But the statute was not to take effect or be in force in any county until the people of such county adopted the same by a popular vote.

Nothing appears in the record of this case showing the adoption of the fence law by the people of Elbert county. We must, therefore, presume that it has never taken effect therein, and determine the rights of the parties to this action by the general law prevailing in Colorado in the absence of statute. *Morris* v. *Fraker*, 5 Colo., 425.

Under the old common law, "every one was bound to keep his beasts within his own close, and if they went upon the grounds of another the owner was liable in damages, unless he could show that the lands trespassed upon should have been fenced, either by prescription, agreement or assignment."

In the case of *Morris* v. *Fraker*, *supra*, this Court declared that the above common law rule, in so far as it refers to cattle running at large upon the range, is inapplicable to Colorado, and therefore does not prevail. That on the contrary, "the general law of the State permits the owners of cattle to allow them to range at will, and that in the absence of local acts, the owners of crops can only recover for damages done thereto by the trespasses of cattle when the same are, at the time of the trespass, inclosed by good and sufficient fences." 5 Colo., 433.

The owner of cattle in this State relies almost entirely upon his recorded brand and upon the annual round-up for identification thereof and protection from loss; except in a few isolated instances, such stock is never, either in summer or winter, confined to an enclosed area or kept close-herded upon the range. And the conclusion arrived at in the opinion above mentioned, is based largely upon the general custom that has

always prevailed among stock men in this country of allowing their cattle to *roam at will* upon the public domain.

But persons who make sheep raising and wool growing their business, always pasture in inclosures or close-herd upon the range. The difference in intelligence and instinct, in disposition and physical characteristics between sheep and cattle, renders it absolutely necessary to handle them differently. A flock of sheep turned loose to run at will upon the range would soon be entirely lost to the owner. True, there is no law except that of self-interest to prevent the owners allowing them to run at large. But the custom of close-herding sheep is as fully established and as universally recognized as is that of allowing cattle to range at will. The reason of the law is said to be its life; and since the principal reason for the rule stated in *Morris* v. *Fraker*, does not exist in this case, we are not prepared to recognize and apply that rule herein.

That which has become by long practice and recognition an established custom, is law, and is accepted as such until abrogated by statute, or fallen into disuse. People make contracts and transact business with reference thereto; and rights acquired thereunder are protected by the Courts. The farmer in Colorado, aware of the established custom of letting cattle run at will, in the absence of statute builds a fence sufficient to protect his crops against trespass therefrom; but being advised also of the equally well established custom of inclosing or close-herding sheep, he does not so construct his fence as to keep them out of his field. It would be manifestly unjust to apply the same rule for injuries to his crop by the latter that would be applicable for like injuries, under similiar circumstances, by the former.

It appears that at the time of the trespasses complained of in this case, appellant's flocks were in charge of herders, and we are not called upon to determine the rights of the parties, had the sheep been actually running at will, notwithstanding the custom aforesaid. It is sufficient, therefore, for the purposes of this case, to say that when a flock of sheep is in the charge of herders upon the range, ordinary care shall be exercised in preventing a trespass thereby upon the crop of another. That in such case, when the crop is of such a nature as to be readily recognized, or is surrounded by a fence of any kind so that the

herder may know when he reaches its vicinity, he shall use reasonable or ordinary care to prevent the sheep from going upon the same and doing injury thereto. And that if such ordinary care be not exercised and a trespass and injury result, the owner of the sheep shall be liable in damages therefor.

In view of our conclusions above stated, we must affirm the judgment of the County Court; for the amount of damages found is not more that a reasonable compensation for the injuries to appellee's inclosed lands by appellant's flocks. The use of ordinary care by appellant and his agents is a question of fact; the Court below determined this question in favor of appellee, and we do not feel warranted in disturbing the finding.                    *The judgment will be affirmed.*

*Wells, Smith & Macon,* for appellant.

*R. A. Long,* for appellee.