No. 2575.

WILSON DAVIS v. C. DAVIS.

70  123
82   29
70  123
86  185

1. COMMON LAW—COMMON RIGHT OF PASTURAGE.—At common law the right of pasturage on uninclo-ed land vests in the owner of the land, and the right of common in the absence of his consent did not exist. The owner of cattle grazing upon the lands of another was responsible for all damage done by them whether the land was enclosed or not.

2. SAME.—In Texas every owner of land is entitled to its exclusive use. If he takes no steps to guard against intrusion by the cattle of another he can not complain if they graze upon it. If he encloses it, his enclosure must be respected, even though it is not enclosed with a statutory fence.

APPEAL from Brazoria. Tried below before the Hon. W. H. Burkhart.

*Eugene J. Wilson*, for appellant.

*George W. & F. J. Duff*, for appellee.

GAINES, ASSOCIATE JUSTICE. Appellee brought this suit to restrain appellant from turning his cattle into appellee's inclosed pasture, and obtained a preliminary injunction which was made perpetual upon final hearing. A demurrer to the petition was overruled, and this action of the court is assigned as error.

The plaintiff, in addition to other averments, alleged that he was the owner of a pasture containing some seven thousand acres, which was inclosed on three sides by a fence made of posts and barbed wire, and on the fourth by the Brazos river, which was there not fordable by cattle; that in March, 1886, defendant had about one hundred and twenty-five head of cattle upon the pasture, which plaintiff requested him to remove, and that upon his failure to do so plaintiff removed them. It was also averred that afterwards, in April of that year, defendant again put his cattle into the inclosure, and that plaintiff again requested him to remove them, but that defendant refused to comply with the request.

The first proposition in support of the assignment is that the fence described in the petition is not such an inclosure as entitled the owner to the exclusive use of his land. The proposition is predicated upon the theory that every one has a right of common in all land not inclosed by such a fence as is required by chapter 101 of the Laws of 1879 (Rev. Stats., Appendix, 12). This position can not be maintained. At common law the owner of cattle was responsible for all damage done by them on the land of another, whether inclosed or not. But this rule has not been regarded as applicable to the condition of the lands in this State, where for a long time throughout its limits, and still in many sections, the inclosure is the exception and

the open land the rule. Still, every owner of land in this State is entitled to its exclusive enjoyment. If he take no steps to guard against the intrusion of his neighbors' cattle, he can not complain if they roam over and graze upon it. If he inclose it his inclosure must be respected, although it may not be a statutory fence. The object of the statute was to afford an easy remedy for trespasses by live stock to such land owners as complied with its provisions, and was not to throw open to the use of the public the lands of all proprietors who did not observe the statutory requirements in making or maintaining these inclosures. We are not prepared to say that the Legislature had the power to make the private lands in the State, when not inclosed in a particular manner, a common grazing ground, if it had so desired. Similar laws in other States have been held to confer upon owners of trespassing cattle immunity from a suit for damages done by them, when the inclosure is not such as the law requires, but not to confer any right to the use of the land. (Knight v. Abest, 6 Barr, 472; Gregg v. Gregg, 55 Pa. State, 227; see also as to what is necessary to make land a public common, Perkins v. Perkins, 44 Barb., 134.) It is clear from the allegations of the petition that defendant was a willful and persistent trespasser upon plaintiff's land, and therefore the objection to it on the ground that a trespass was not shown can not be sustained.

The other proposition under the first assignment is, that the petition does not show that he was owner of the land, or that it was inclosed at the time of the first trespass alleged. Upon general demurrer we must indulge every reasonable intendment in favor of the sufficiency of the pleading; and we think it sufficiently appears from its averments that the land was inclosed, and that plaintiff was the owner thereof at the time of the first trespass.

It is apparent from what we have said that defendant was not entitled to recover damages from plaintiff from loss resulting from the removal of his cattle, and therefore the second assignment which relates alone to that matter requires no consideration.

We have some doubt as to sufficiency of the petition upon a ground not presented in the brief, but it must be deemed abandoned. The judgment is affirmed.

*Affirmed.*