THE DENVER & RIO GRANDE RAILROAD CO., PLAINTIFF IN ERROR, v. L. STEWART, DEFENDANT IN ERROR.

LIABILITY OF RAILWAY COMPANY FOR STOCK KILLED.—Although the statute makes railroad companies liable in damages to the owners of domestic animals killed or injured by their trains, yet where such animals are, at the time of the accident, running at large, contrary to the provisions of another section of the statute, and the injury thereto results without wilful or gross negligence on part of the railroad company, it is not liable in damages.

*Error to District Court of Montrose County.*

Messrs. WOLCOTT & VAILE, for plaintiff in error.

Mr. F. D. CATLIN and Mr. JOHN GRAY, for defendant in error.

RICHMOND, P. J. In this action plaintiff sought to recover for the value of a sow pig alleged to have been killed by defendant company on the 5th day of February, 1889.

The complaint alleges in substance, that on the 5th day of February, 1889, plaintiff was the owner of a certain black sow pig; that on said day, while said pig was running at large, the same was run over and killed by the cars and engines of the defendant company on their railroad track in the county of Montrose, while said tracks and cars and engines were being operated by the employees of said company * * *.

The defendant corporation answered, admitting that while engaged in operating its line of railroad and running its passenger train going west over its line of track in and through said county of Montrose, and conveying passengers, mail, and express thereon, into and through said county in all respects in accordance with its charter and rights and privileges thereunder, and with the laws of this state, that it did, without any fault or neligence, breach of duty or default on its part or the part of its officers, agents or servants, or any of them, run upon and over and seriously and fatally injure and damage the pig mentioned in plaintiff's complaint, said *pig then and there being unlawfully running at large ;* that said injury occurred without any fault or negligence on the part of defendant, and without any want of ordinary care, and in no other manner, and that plaintiff permitted said pig to be running at large unlawfully and contrary to the statute of said state; and said pig was injured by reason thereof and in no other manner.

Plaintiff replied, denying the allegations of the answer :

By the record it is recited that the cause came on for trial to the court; that the evidence for plaintiff was duly pre-

sented, whereupon defendant moved for a nonsuit, which was denied. Defendant then offered evidence in support of its answer, plaintiff objecting to the introduction of such evidence upon the part of defendant, for the reason that the answer of defendant admits all the material allegations of the complaint, and alleges no new facts constituing a legal defense, which objection was sustained by the court. Defendant by its counsel then and there excepted. The court after duly considering the evidence and the arguments of counsel found that the plaintiff was entitled to judgment against the defendant company in the sum of $50 damages, and $32.50 attorney's fees. Upon this finding judgment was entered, to reverse which this writ of error is prosecuted.

By the brief in this case defendant presents several questions, and particularly urges for the consideration of the court the unconstitutionality of the act fixing the liability of railroad companies for stock killed. We do not think it necessary to pass upon this question, or upon any of the other questions presented, save and except the error of the court in overruling the motion for a nonsuit.

It must be borne in mind that the animal killed was a pig, and at the time of the killing the statute of this state provided as follows: No hog or swine shall be permitted to run at large, and the owner of any hog or swine trespassing on the property of any person shall be liable in treble the damages occasioned by such trespass, and a fine of not less than $5 nor more than $10 for each offense. General Statutes, § 3175.

Keeping in view this provision of the statute and the allegations of the complaint, to wit, that on the 5th day of February, 1889, plaintiff was the owner of the pig in question, and that on said day, while said pig was running at large, the same was run against and run over and killed, * * * we have but one question to determine and that is, whether the company was liable?

In the case of *Morris v. Fraker*, 5 Colo. 425, the court, in commenting upon the various statutes concerning the running at large of stock, said: " This act plainly recognizes the

general right of owners to suffer their stock to run at large, with the exception of hogs which are expressly prohibited under fines and penalties." See *Willard v. Mathesus*, 7 Colo. 77. The section of the statute referred to by the court in that opinion is the identical section above quoted. In the general statutes we find no provisions requiring a railroad company to fence its right of way.

From the foregoing, it will appear that the animal killed was running at large contrary to the statute.

The company allege that the injury to the animal occurred without any fault or neglect and without any want of ordinary care on its part. No proof of wilful negligence, or gross carelessness on the part of defendant was introduced. Under these circumstances we unhesitatingly declare that the motion for a nonsuit should have been sustained. "Where the owner of animals is unable to show that as against the railway they were properly upon the track, or, in other words, that it was through the fault of the company that they were enabled to come upon the road, the company are not in general liable, unless, after they discovered the animals, they might, by the exercise of proper care and prudence, have prevented the injury." Redfield on the Law of Railways, vol. 1, § 126, and authorities cited.

In the case of *D. & R. G. R. R. Co. v. Olsen*, 4 Colo. 239, it was held that, "when a railroad company in the exercise of its lawful business, in running a train through the streets of an incorporated city (which prohibited by ordinance certain animals running at large), killed an animal within the city limits, the animal coming within the prohibition of the ordinance, the company was liable only if the animal's death was the result of gross negligence on the part of the company's servants."

In the case of *Witherrell v. Milwaukee & St. Paul R. R. Co.*, 24 Minn. 410, the court lays down this doctrine : If domestic animals are on the track of a railroad by the fault of the owner, such owner takes all reasonable risks of injury to them through passing trains ; but while the railroad company

is not bound to presume that such animals will be upon the track, they are not authorized to injure them wilfully or carelessly, but are bound to use reasonable care to avoid injuring them.

In the case of *Railroad Company v. Dunham*, 68 Texas 232, it was held that railroad companies are entitled to presume that every person will comply with the law which forbids the owner to allow his animals to run at large. Hence they are excused from the exercise of such care as is exacted of them when animals are permitted to run at large. When there is no such law they are liable for want of ordinary care; where there is such a law they are liable only for gross neglect. *I. & G. N. R. R. Co. v. Cooke et al.*, 64 Texas 152; *P. C. & St. R. R. Co. v. Stuart*, 71 Ind. 500; *C. H. & D. R. R. Co. v. Street*, 50 Ind. 225.

In the case of *J. M. & Indianapolis R. R. Co. v. Adams*, 43 Ind. 402, it was held that, if the owner of a cow knowingly permits her to run at large in the vicinity of a railroad which is not required by law to be fenced and she strays upon the track and is killed, it not appearing that the killing is wilfully done, the railroad company will not be liable though the owner may not have known that the railroad was completed.

In the case at bar plaintiff proceeded upon the theory that the act of the legislature, section 2804, Gen. Stats. 1883, completely and fully covered his case. The section reads as follows: " Every railroad or railway corporation or company operating any line of railroad or railway or any branch thereof within the limits of this state which shall damage or kill any horse * * * or any other domestic animal by running an engine or engines, car or cars, over or against any such animal shall be liable to the owner of such animal for the damage sustained by such owner by reason thereof. .

We are not compelled to fortify the assertion that this contention is unsound, because the decision of the supreme court in *The D. & R. G. R. R. Co. v. Henderson*, 10 Colo. 1; and *The D. & R. G. R. R. Co. v. Olsen, supra*, under the

same statute passed in 1877, fully and satisfactorily supports the conclusion here reached.

We think the findings of the court were unwarranted, and that the court erred in overruling the motion for a non-suit, as well as in denying the defendant the right to introduce testimony in support of its answer.

For the errors above recited the judgment will be reversed and the cause remanded for further proceedings.

*Reversed.*