THE SAINT LOUIS CATTLE COMPANY· v. M. S. VAUGHT. .

No. 40. ·    .·

· **Rents—Enclosure of Small Tract within Large Pasture.—**Where the owner of several tracts of land, in enclosing them within one large enclosure, necessarily encloses a tract belonging to. another, this is an appropriation of such other person's land, and the pasture owner is liable in trespass to try title for rental value of the tract thus enclosed, although the pasture fence contains gates every three miles, and the pasture owner disclaims title and possession of such tract.    ·    · ·

APPEAL from Mitchell.    Tried below before Hon. WM. KENNEDY.

*Alexander & Campbell* and *Martin & Jones*, for appellants.—1. If the defendant, in enclosing its ·own· land, which surrounded the, land of plaintiff, necessarily enclosed the land of plaintiff, but made no claim of title to same, and placed none of its fences on plaintiff's land, and did not refuse plaintiff the use and occupation thereof, but offered him free access thereto, the plaintiff could not be allowed to recover rents.    If there was any servitude on defendant's land in favor of plaintiff, giving him a way of necessity, the defendant had provided such way by the erection of gates; and it even does not appear that the gates were not near the land and convenient.    But the owner of the servient tenement has the right to designate a way of necessity to suit his own convenience. Russell v. Jackson, 2 Pick., 574; Washb. on Ease., 3 ed., 237, par. 10.

2. Under the pleadings, being an action of trespass to try title, and for damages, the evidence showing the plaintiff had privilege of ingress and egress, even if he had a technical right.of way which was denied him by defendant, he can not recover · rents certainly on this record. Sup. Ct., Austin Term, May 10, 1891.

3. If it should be claimed that plaintiff has a right to a way under section 5 of statute of January 30, 1884, General Laws, 69, then we say that this would not entitle him to a recovery of rents under the pleadings and evidence.    And further, the statute is in conflict with the Constitution, in practically authorizing the appropriation of the property and labor of one to the use of another without compensation.    Railway v. Rowland, 70 Texas, 305; Const., art. 1, secs. 13, 16, 17.

No briefs for appellee have reached the Reporter.

TARLTON, CHIEF JUSTICE.—The appellee, Michael S. Vaught, recovered, in the District Court of Mitchell County, in this action of trespass to try title, a judgment against the appellant for a section of land involved in this suit, and a further judgment in the sum of $78.95, the value of the use and occupancy of said land for two years prior to the

institution of said suit. From this judgment the appellant prosecutes this appeal.

The defendant pleaded a disclaimer as to the title and possession of the survey sued for, and denied possession of it.

*Conclusions of fact.*   1.  Plaintiff was and is the owner of the section of land sued for.

2.  Since May 4, 1887, two years prior to the institution of this suit, the land has been within the enclosure of the St. Louis Cattle Company.

3.  The enclosure of said company is used by the same as a pasture, and the cattle of said company were permitted to graze upon the said survey in controversy, as well as upon any other portion of the land enclosed in their pasture—the outer boundaries of the tract sued for having never been fenced.

4.  The rental value of the land in controversy, for the two years prior to the institution of the suit, is $78.95.

5.  The pasture of the St. Louis Cattle Company consists of 75,000 or 100,000 acres of land, with a large number of cattle in the same.

6.  Before the pasture was fenced by the company, the southern line thereof had been fenced by the Lucerne Cattle Company. A considerable portion of the eastern boundary thereof had also been fenced by the Lucerne Cattle Company, the fence so built being still owned by the Lucerne company.

7.  A portion of the western boundary of the pasture had been fenced by the Iowa Cattle Company, and was and is still the property of said Iowa company.

8.  The St. Louis Cattle Company used these fences and assisted in keeping them in repair. The balance of the enclosure was fenced by said company in the spring of 1887, no part of said fence being upon the land sued for.

9.  The St. Louis Cattle Company built and established gates, every three miles, around its pasture; and ingress and egress through said gates to and from the land sued for has never been denied to the plaintiff.

10.  The St. Louis Cattle Company notified the agents of plaintiff that he could at any time take possession of his land, and protect and use the same, and that if enclosed within its pasture, this was only so done that the company might use and enjoy its own lands as a pasture, such being the purpose for which they were purchased, and that the company could not pay rent for the plaintiff's tract, as it had been advised that it was not liable for rent, as demanded by plaintiff's agents, under the circumstances of its enclosure.

The two assignments of error filed by the appellant complain of the action of the court in instructing the jury as shown by the third paragraph

of its charge, and in refusing the special charge asked by the defendant. The third paragraph referred to is as follows:

"If you find from the evidence that the defendant built and erected a fence completely enclosing a quantity of land, in which enclosure it embraced the survey sued for, and you find defendant is using the land sued for in the same manner it is using the other part of such larger enclosure, for the grazing of cattle, then the defendant is in possession of said survey No. 23; and if you so find, you will also find for plaintiff the value (if any) of the use and occupation of said survey No. 23, for the time said survey has been so embraced and used, not, however, giving the value of the use and occupation for a longer time than from May 4, 1887 [a date two years prior to the bringing of the suit], to the present time."

The special charge referred to is as follows: "If the defendant, in enclosing its own land, which surrounded the land of plaintiff, necessarily enclosed the land of plaintiff, but made no claim of title to same, and placed none of its fences on plaintiff's land, and did not refuse plaintiff the use and occupation thereof, but offered him free access thereto, the plaintiff could not be allowed to recover rent."

In this State, on account of the condition which has existed from time immemorial of the grazing lands, the owner of such property can not complain, as long as it remains a portion of the "commons," that the cattle of another should roam over it and graze upon it at will. Davis v. Davis, 70 Texas, 123; Buford v. Houtz, 133 U. S., 320. This doctrine, however, does not authorize the owner of cattle, by affirmative conduct on his part, to appropriate the use of such lands to his own benefit. He will not be permitted thus to ignore the truth that every one is entitled to the exclusive enjoyment of his own property. In this case, the appellant, by means of fences constructed or maintained by it, enclosed the land of the appellee in such manner as to reap from it those benefits which, as a rule, are incident exclusively to ownership. The use and enjoyment of the property under such circumstances imports necessarily the idea of liability.

The charge complained of involves the conclusions reached by us, and is therefore, in our opinion, proper. It hence follows, also, that the instruction requested was correctly refused.

The judgment is affirmed.

*Affirmed.*

Delivered November 29, 1892.

Justice HEAD did not sit in this case.