# KEIFER'S HEIRS *vs.* THERESE REICHERT ET AL.

*Finality of Order Appealed Against.*

After the passage of an order sustaining exceptions to a mortgage sale, a
petition for a rehearing was submitted to the Judge of the Court who
passed an order granting the prayer thereof, but this petition and order
thereon were not filed with the Clerk of the Court until after the expira-
tion of two months from the date of the original order, when they were
filed under an order directing the same to be filed as of the date when
received by counsel from the Judge. *Held,* that no appeal lies from this
last mentioned order since the same is not final, and that upon appeal
from the final decree that may be made in the cause, the previous
orders will be open for review under Code, Art. 5, sec. 36.

Appeal from an order of the Circuit Court for Allegany
County (STAKE, J.)

The cause was argued before McSHERRY, C. J., FOWLER,
PAGE, PEARCE, SCHMUCKER and JONES, JJ.

*J. W. S. Cochrane,* for the appellants.

*DeWarren H. Reynolds* (with whom was *Wm. E. Walsh* on
the brief), for the appellees.

JONES, J., delivered the opinion of the Court.

A motion is submitted to dismiss the appeal in this case and
it must prevail. It appears from the record that upon excep-
tions filed to the ratification of a sale made under a mortgage

and reported to the Circuit Court for Allegany County that Court, by its order of the 23rd of July, 1900, sustained the exceptions and set aside the sale so reported. On the 6th o August following a petition for a rehearing upon these exceptions was sent to a Judge of the Circuit at Hagerstown for an order thereon without first having been actually filed in the Clerk's office of Allegany County. The Judge passed an order thereon that a rehearing be granted; and ordered the rehearing to take place on the 15th of August, 1900; and mailed the petition with the order thereon to the counsel at Cumberland by whom it had been sent to him; and sent with it a request that it be shown to the counsel who had represented the exceptants to the sale. The petition, with the order, was, upon its receipt by the counsel to whom it was mailed, according to the request accompanying it, sent to the office of the counsel for the exceptants. There it appears to have remained without being filed in Court until the expiration of sixty days from the date of the order when it was mailed by the last-named counsel to the Judge at Hagerstown, to whom the petition in question had been originally sent, and who had made the order thereon. A petition was then filed by the counsel who was asking the rehearing to have the petition for the same and the order thereon granting it filed in the Clerk's office of Allegany County *nunc pro tunc*, and as of the time when the said order for rehearing was passed. This petition was set for a hearing and thereafter the Judge passed the following order: "It is therefore ordered that the petition and order of Court for a rehearing passed on the 6th day of August, 1900, be filed by the Clerk as of the 7th day of August the date of its reception by Mr. Reynolds." This was followed by a p rayer of appeal by the counsel for the exceptants as follows: "Enter an appeal to the Court of Appeals of Maryland, from order of Court directing the Clerk of this Court to file petition for rehearing *nunc pro tunc* passed by the C ourt and filed December 22nd, 1900."

It is quite apparent that the order here appealed from is not of the character of any of those described in section 25 of

Article 5 of the Code, from which it is there provided an appeal may be taken. Unless therefore it is a "final decree, or order in the nature of a final decree" from which an appeal is provided in section 24 of Article 5, there is no provision of law under which the appeal in this case will lie. The order here appealed from is not a final decree; nor is it an order in the nature of a final decree. It is merely an interlocutory order—an intermediate step in the proceedings—looking to final action by the Court upon the matter embraced in the petition upon which the order was passed. It does not of itself settle or conclude any right whatever; and is not therefore such an order as can be made the subject of an appeal. The appellants here have been premature in the attempt to have the order in question passed upon by this Court. It is provided in section 26 of Article 5 of the Code that "On an appeal from a final decree or order, all previous orders which may have been passed in the cause shall be open for revision in the Court of Appeals, unless an appeal under the preceding section (referring to section 25) shall have previously taken from such order." When the trial Court shall have taken such final action in the matter there pending, to which the petition and order, to the filing of which the appellants there objected, relate, as may entitle them to appeal therefrom; if they, then prosecute an appeal, the order here in question, will, under the provision of the Code just cited, in so far as the same can be so made, become a subject of revision by this Court. The appeal now taken must be dismissed.

*Appeal dismissed with costs to the appellees.*

(Decided March 7th, 1901.)