(March 6, 1906.)

## THEODORE SWANSON, Respondent, v. NIEL GROAT et al., Appellants.

[85 Pac. 384.]

JUDGMENT-ROLL — DAMAGES FOR TRESPASS—TRESPASS ON UNINCLOSED LANDS—TWO-MILE LIMIT LAW.

1. On an appeal from a judgment where no bill of exceptions or statement has been settled, a motion made in the trial court to strike from the complaint certain matter therein contained is not properly a part of the judgment-roll under section 4456 of the Revised Statutes, and cannot become a part of the record on appeal under the provisions of section 4818 of the Revised Statutes.

2. ID.—Where matter has been improperly inserted in the transcript on appeal, the same will be stricken from the record on motion of the adverse party.

3. Under the laws of this state, livestock, with certain exceptions, may run at large and roam and graze over and upon any of the uninclosed lands of the state, and the same will not amount to an actionable trespass against the owner of such livestock.

4. One who willfully, deliberately and knowingly drives his livestock upon the lands of another, whether inclosed or uninclosed,

and holds, herds and grazes them upon such lands over the protests and objections of the owner, is liable in damages for the trespass.

(Syllabus by the court.)

APPEAL from the District Court of the Fifth Judicial District for Bannock County. Hon. Alfred Budge, Judge.

Action by plaintiff for the willful, deliberate and unlawful trespass in the herding and grazing their sheep upon the lands of the plaintiff, and within two miles of his dwelling-house. Judgment for plaintiff; defendants appeal. *Affirmed.*

Holzheimer & Holzheimer, for Appellants, cite no authorities on points decided by the court.

Standrod & Terrell, for Respondent.

The law provides for no appeal from an order overruling a demurrer, or an order on motion affecting the pleadings. (Code Civ. Proc., sec. 3573; *Ah Kle v. McLean,* 3 Idaho, 70, 26 Pac. 937.)

This being only an appeal from the judgment, the statutes fix what papers are to be used on the appeal. (Code Civ. Proc., sec. 3584.)

Section 3509, subsection 2, names the papers that constitute the judgment-roll in a case of this kind.

Motions and orders striking out or refusing to strike out any parts of the pleadings are no part of the judgment-roll. (*Graham v. Linehan,* 1 Idaho, 780; *Sutter v. San Francisco,* 36 Cal. 114; *Sharp v. Daugney,* 33 Cal. 513; *Feeley v. Shirley,* 43 Cal. 369; *Morris v. Angle,* 42 Cal. 240; *Ganceart v. Henry,* 98 Cal. 281, 33 Pac. 92, *Barber v. Mulford,* 117 Cal. 356, 49 Pac. 206; *Wilson v. Wilson,* 64 Cal. 92, 27 Pac. 861; *Hawley v. Kocher,* 123 Cal. 77, 55 Pac. 696.)

On appeal from a final judgment, if the record contains no bill of exceptions or statement, the case must be reviewed and decided upon the judgment-roll alone. (*Graham v. Linehan,* 1 Idaho, 780; *Gamble v. Dunwell,* 1 Idaho, 268; *Ray v. Ray,* 1 Idaho, 705; *Rich v. French,* 3 Idaho, 727, 35 Pac. 173;

*Stickney v. Hanrahan,* 7 Idaho, 424, 63 Pac. 189; *Williams v. Boise Basin M. & D. Co.,* 11 Idaho, 233, 81 Pac. 646; *Taylor v. McCormick,* 7 Idaho, 524, 64 Pac. 239; *Anderson v. Shoshone Co.,* 6 Idaho, 78, 53 Pac. 105; *Bank v. Sampson,* 7 Idaho, 564, 64 Pac. 890.)

The law is well settled that one who willfully, knowingly or purposely drives sheep upon the lands of another is liable in damages although the lands are uninclosed. (*Walker v. Bloomingcamp,.* 34 Or. 391, 43 Pac. 175, 56 Pac. 809; *Lazarus v. Phelps,* 152 U. S. 81, 38 L. ed. 363, 14 Sup. Ct. Rep. 477; *Harrison v. Adamson,* 76 Iowa, 337, 41 N. W. 34; *Delaney v. Erickson,* 11 Neb. 533, 10 N. W. 451; *Powers v. Kindt,* 13 Kan. 74.)

The rule is well settled that error will not be presumed, but must affirmatively appear from the record. It does not appear from the record how much, if any, of the damages awarded was for the willful trespass upon the private lands or how much for the grazing upon public lands.

AILSHIE, J.—The respondent has filed and presented a motion to strike from the transcript in this case all matter found on page 6 thereof, which appears to be a motion and notice of motion to strike certain paragraphs from the complaint. This appeal is from the judgment only and no statement or bill of exceptions has ever been settled or filed in the case. It therefore follows that under sections 4456 and 4818 of the Revised Statutes, the motion and notice to strike certain matter from the complaint has no place in the judgment-roll, and could only be brought to this court by a bill of exceptions or statement. (*Williams v. Boise Basin M. & D. Co.,* 11 Idaho, 233, 81 Pac. 646; *Stickney v. Hanrahan,* 7 Idaho, 424, 63 Pac. 189; *Graham v. Linehan,* 1 Idaho, 780; *Gamble v. Dunwell,* 1 Idaho, 268; *Ray v. Ray,* 1 Idaho, 705; *Taylor v. McCormick,* 7 Idaho, 524, 64 Pac. 239; *Anderson v. Shoshone Co.,* 6 Idaho, 76, 53 Pac. 105; *Bank v. Sampson,* 7 Idaho, 564, 64 Pac. 890.) The motion will be sustained and page 6, containing the matter designated, will be stricken from the transcript.

After sustaining the foregoing motion, the case is left for the consideration of only one assignment of error, namely, that "the court erred in overruling the demurrer interposed by the appellants to respondent's amended complaint."

This action appears to have been instituted by the plaintiff under sections 1210 and 1211 of the Revised Statutes, commonly known in this state as the two-mile limit law. The defendants demurred to the complaint on the grounds that it "does not state facts sufficient to constitute a cause of action." Leaving the two-mile limit law entirely out of our consideration, we think the complaint states a cause of action against the defendants for a willful and unlawful trespass. In paragraph 3 of the complaint we find, among other things, the following allegations: "That on or about the seventeenth day of March, 1905, the said defendants willfully, knowingly and unlawfully drove their flock of sheep, about 2,500 in number, upon the lands of the plaintiff, and ever since said date, up to the twenty-second day of March, 1905, defendants continuously herded, held, pastured and grazed said sheep upon the lands of the plaintiff, and during the time aforesaid the defendants willfully, knowingly and unlawfully held, herded, fed, grazed and pastured said two thousand five hundred head of sheep upon the lands of the plaintiff and . . . . against the will and without the consent of the plaintiff and over the plaintiff's protests and objections, and refused to drive said sheep away from said premises . . . . until said defendants had fed and pastured to their said sheep all of the grass and feed upon said lands." The foregoing allegation is followed by the usual allegation as to the character and amount of damage sustained by reason of the unlawful acts of the defendant. While it is lawful in this state for livestock, with certain exceptions, to run at large and graze upon any of the uninclosed lands of the state, it is still true that one who willfully and deliberately drives his stock upon the lands of another, whether inclosed or uninclosed, and holds, herds and grazes them upon such lands over the "protests and objections" of the owner, is liable in damages for the trespass. Such willful, deliberate and intentional conduct cannot be

justified upon the theory that the stock had a right of their own accord to roam over and graze upon such land. (*Harrison v. Adamson,* 76 Iowa, 337, 41 N. W. 34; *Lazarus v. Phelps,* 152 U. S. 81, 38 L. ed. 363, 14 Sup. Ct. Rep. 474; *DeLaney v. Errickson,* 11 Neb. 533, 10 N. W. 451; *Powers v. Kindt,* 13 Kan. 74; *Larkin v. Taylor,* 5 Kan. 433; *Kerwhacker v. Cleveland etc. R. R. Co.,* 3 Ohio St. 172, 62 Am. Dec. 246; 12 Am. & Eng. Ency. of Law, 2d ed., 1044, 1045; *Walker v. Bloomingcamp,* 34 Or. 391, 43 Pac. 175; *St. Louis Cattle Co. v. Vaught,* 1 Tex. Civ. App. 388, 20 S. W. 855; *Willard v. Mathesus,* 7 Colo. 76, 1 Pac. 690.) The complaint stated a cause of action and the demurrer was properly overruled.

The greater portion of appellant's brief is devoted to a discussion of what constitutes proper elements of damage that may be shown in a case prosecuted under sections 1210 and 1211 of the Revised Statutes. It is suggested that evidence was admitted tending to show the future value to plaintiff of public lands within two miles of his dwelling. The evidence, however, has not been brought up on this appeal, and we must therefore assume that only competent evidence was admitted.

The judgment is affirmed, with costs in favor of respondent.

Stockslager, C. J., and Sullivan, J., concur.