## JAMESON v. BOARD. (No. 688.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 12, 1914.)

1. FENCES (§ 27*) — DAMAGES BY STOCK — OPENING A FENCE—LIABILITY.

Where defendant removed a portion of his fence to which plaintiff had attached a string of fence completing his inclosure and in consequence thereof defendant's cattle were allowed free access to plaintiff's pasture, and it appeared that defendant knew what would be the consequence, defendant was liable in an action in trespass for the consequential damages, regardless of whether his act was a violation of the "fence statute," though defendant was a lessee of a section of land within plaintiff's inclosure.

[Ed. Note.—For other cases, see Fences, Cent. Dig. §§ 40–44, 52–61; Dec. Dig. § 27.*]

2. FENCES (§ 27*)—PLEADING—COMMON-LAW LIABILITY—RECOVERY.

That plaintiff alleged in "support of his allegations as to exemplary damages" that defendant, in removing his fence and allowing his cattle access to plaintiff's pasture, violated the "fence statute" did not preclude him from recovering for the trespass, where his allegations were sufficiently broad to comprehend an action of trespass as at common law.

[Ed. Note.—For other cases, see Fences, Cent. Dig. §§ 40–44, 52–61; Dec. Dig. § 27.*]

Appeal from District Court, Hutchinson County; F. P. Greever, Judge.

Action by S. J. Board against W. F. Jameson. From judgment for plaintiff, defendant appeals. Affirmed.

Crudgington & Works, of Amarillo, for appellant. Newton P. Willis, of Canadian, for appellee.

HENDRICKS, J. The appellee, Board, sued the appellant, Jameson, for damages on account of the removal by appellant of a certain fence and permitting cattle owned by the appellant to go upon the inclosed land of appellee, claiming the destruction of his grass and also alleging the willful removal of said fence, praying for $200 exemplary damages. The cause was tried to a jury upon a submission by the trial court of special issues, the jury finding that appellant's removal of said fence was a willful act, however, denying exemplary damages, but returning a verdict for actual damages.

[1] The appellee, Board, had connected a certain line of fence with that of appellant which, with other fencing, inclosed the former's pasture. The fence constructed by appellee completing his inclosure was not disconnected from appellant's fence; but a portion of appellant's fence, to which appellee's string of fence was tied, was removed, and on account of which appellant's cattle were allowed free access to the grass of the appellee. It is true that within the inclosure of appellee the appellant was the lessee of a section of land, but considering the excessive number of cattle which were permitted to go within the Board inclosure, we are unable to say that the control of a section in

appellee's pasture derogated from the trespass, as an inherent wrong, for which recovery would be denied.

[2] Appellee alleged a violation of the civil and criminal statutes of the state relative to the unlawful removal of fences, as the pleader expressed it, "in further support of his allegations as to exemplary damages"; and appellant, in attempting to make appellee's action exclusive, says:

" * * * This proceeding is a statutory one, and not an action in trespass generally, and must be controlled by the statute."

Appellee's allegations, however, are broad enough, as well as sufficiently specific, to comprehend an action of trespass as at common law; and appellant's proposition would be akin to an attempted denial of recovery by a plaintiff who sued upon a bond, alleging it as statutory, though the averments were sufficient for relief as a common-law obligation.

Jameson, the appellant, testified:

"I broke down the pasture fence, Mr. Board's pasture. I did it upon purpose. * * * I knew at that time my cattle could go through this inclosure into Mr. Board's pasture."

Appellant, though testifying that he did not tear down the fence to injure Board, and simply did so to use the material for the purpose of fencing the section controlled by him in Board's pasture, the jury, however, though failing to find exemplary damages, expressly found that Jameson's actions were willful, and necessarily, as a cattleman of some experience, he not only knew that his cattle "could go through * * * into Board's pasture," but would do so. If the law as applied to Jameson's acts would impress liability, irrespective of a violation of the "fence statute," his acts in trespass, and the natural consequences of same, which he necessarily contemplated and must be charged with, are so undisputed as that his assignments, criticizing the action of the court in other respects, are immaterial.

On account of pastoral conditions, and the former method of conducting the cattle business in this state, or in a great portion of same, an inclosure being the exception, and the open range the rule, the courts have not adopted the rule of the common law in its strictness, applicable to the involuntary encroachment or trespass of live stock upon the uninclosed land of another. Davis v. Davis, 70 Tex. 124, 7 S. W. 826; Land Co. v. McClelland Bros., 86 Tex. 185, 23 S. W. 577, 1100, 22 L. R. A. 105.

Though the rule is relaxed, on account of our own policy in such matters, however, Justice Gaines, in the McClelland Case, supra, announced the well-recognized exception. He said:

"If, however, he drives his cattle upon the inclosed land of another, however imperfectly inclosed, he is guilty of a trespass, for which he is liable to answer in damages."

Chief Justice James, in the case of Claunch v. Osborn, 23 S. W. 937, after recognizing the general rule, said:

" * * * Still, if one willfully causes stock to go upon another's land, and to remain there, he makes himself liable for the damages that result. If defendant opened the division fence, even upon his own land, at a time and under circumstances that would naturally cause his stock to go into his neighbor's pasture, and there remain, he becomes a trespasser, and is liable for the injury that resulted to his neighbor therefrom."

While Chief Justice James used the language "division fence," he specifically said that the act of March 17, 1887 (Acts 20th Leg. c. 43), did not apply—the same act which appellant says must cover this case, but which he contends does not do so on account of the insufficiency of proof; the statute also being excluded, so he says, on account of the finding of the jury that neither Jameson nor his landlord gave Board an express consent, or agreed that the latter could connect to the former's fence, a portion of which was removed. As stated, we think this matter is entirely immaterial. The doctrine announced by Justice James, so pertinently applicable to this case, was also recognized by the Court of Civil Appeals of the Second District, in the case of St. Louis Cattle Co. v. Vaught, 1 Tex. Civ. App. 388, 20 S. W. 856, and by this court in the case of Tandy v. Fowler, 150 S. W. 484.

The judgment of the lower court is affirmed.