(July 20, 1918.)

## JOHN E. STEINOUR and DORA STEINOUR, His Wife, Appellants, v. OAKLEY STATE BANK, a Corporation, Respondent.

[177 Pac. 843.]

PLEADING AND PRACTICE—INTERLOCUTORY ORDER.

1. By Rev. Codes, sec. 4427, as amended Sess. Laws 1911, chap. 229, p. 781, an order striking out a pleading, or a portion thereof, is not deemed to have been excepted to.

2. Where a complaint states a cause of action that will put the defendant on his defense, it is not subject to general demurrer.

### ON REHEARING.

3. The word "interlocutory," as used in Rev. Codes, sec. 4427, as amended, refers to all orders, rulings and decisions made by the trial court from the inception of an action to its final determination, and all such orders, rulings and decisions are deemed excepted to.

[As to power of court in entering final judgment to disregard interlocutory judgment or order, see note in Ann. Cas. 1915B, 1195.]

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action to quiet title. Judgment for defendant. *Reversed.*

Longley & Walters and S. L. Hodgin, for Appellants, cite no authorities on point decided.

W. J. Mitchell and Sweeley & Sweeley, for Respondent.

Both of the rulings under consideration are "interlocutory orders" within the meaning of section 4427 as amended.

"A judgment, order or decree which is intermediate or incomplete and, while it settles some of the rights of the parties, leaves something remaining to be done in the adjudication of their substantial rights in the case by the court entertaining jurisdiction of the same is interlocutory." (*Evans State Bank v. Skeen*, 30 Ida. 703, 167 Pac. 1165.)

RICE, J.—In this case the defendant below, respondent here, interposed a motion to strike portions of the amended complaint of appellants, and also a general and special demurrer thereto. The court considered the motion and the demurrers at the same time, and filed an order to the effect that "the demurrer and the motion to strike filed by the defendant to the amended complaint of the plaintiffs be, and the same are, hereby sustained. . . . ." It would be an act of supererogation on the part of the court to strike portions of a complaint to which a general demurrer had been sustained. We must conclude that the effect of this order was to strike from the amended complaint the portions thereof indicated in the order, and that the demurrer interposed was sustained as to the remainder.

The record fails to show an exception taken by the plaintiffs to the order of the court striking out portions of their complaint. Rev. Codes, sec. 4427, was amended by Sess. Laws 1911, chap. 229, 'p. 781. By the terms of this section, prior to amendment, "an order . . . . striking out a pleading or a portion thereof" was deemed to have been excepted to. The section as it now stands does not preserve an exception to an order striking a pleading or a portion thereof. We must conclude that the legislature purposely omitted the provision saving an exception to an order striking a pleading or a portion thereof, and in the absence of an exception in the record, the action of the court is not subject to review on appeal.

Upon a consideration of the portion of the amended complaint not stricken, we find that it was not subject to a general demurrer. At the least it states a cause of action to quiet title under the statute. If a cause of action is stated by a complaint, a general demurrer thereto should be overruled. (*Village of Sandpoint v. Doyle*, 11 Ida. 642, 83 Pac. 598, 4 L. R. A., N. S., 810; *Bonham Nat. Bank v. Grimes Pass Placer Min. Co.*, 18 Ida. 629, 111 Pac. 1078.)

The special demurrer to the effect that several causes of action had been improperly united in the amended complaint

was withdrawn by the respondent. The court, however, sustained a demurrer on the ground that the cause of action was barred by Rev. Codes, sec. 4054, subd. 4, which provides for the running of the statute within three years in an action for relief upon the ground of fraud or mistake. The allegations of fraud in the amended complaint, to which this demurrer was interposed, were stricken by the court. The portion of the amended complaint remaining was not subject to demurrer upon that ground.

The judgment of the court dismissing the action is reversed. Costs awarded to appellants.

Budge, C. J., and Morgan, J., concur.

### ON REHEARING.

#### (January 28, 1919.)

RICE, J.—A rehearing was granted in this case, and another argument thereof has been heard.

Upon reconsideration we have reached the conclusion that the construction of Rev. Codes, sec. 4427, as amended Sess. Laws, 1911, chap. 229, p. 781, announced in the original opinion, is not in harmony with the legislative intent in enacting the amendment. The amended section reads as follows:

"The instruction of the court to the jury, the refusal to give requested instructions where such refusal is noted in writing by the judge or court, the verdict of the jury, any interlocutory order, ruling or decision appearing upon the records and files in the action or minutes of the court, the final decision in an action or proceeding, an order or decision made in the absence of a party, and rulings, orders and decisions upon objections to evidence or any contested proceedings at a trial reported in the stenographer's notes of the evidence and proceedings upon a trial are deemed excepted to. Rulings, orders and decisions appearing upon the records, files or minutes need not, unless desired by the party objecting thereto, be embodied in a bill of exceptions, but the same

appearing in the records, files or minutes may be reviewed upon appeal as though settled in such bill of exceptions.''

This section, before amendment, enumerated a large number of rulings, orders and decisions, and provided that they should be deemed excepted to. Instead of the enumeration of the various rulings and orders which shall be deemed excepted to, the revised section provides that any interlocutory order, ruling or decision appearing upon the records and files in the action, or minutes of the court, shall be deemed excepted to.

In construing a statute, the purpose is to ascertain and give effect to the intent of the legislature. (36 Cyc. 1106.) It is also said that ''the rule that statutes *in pari materia* should be construed together applies with peculiar force to statutes passed at the same session of the legislature.'' (36 Cyc. 1151.)

The 1911 session of the legislature enacted laws providing a new method of preparing and serving records on appeal from district courts to this court, and methods of appellate procedure and practice were changed in some other respects also. After carefully considering this class of legislation, enacted by that session of the legislature, we are led to the conclusion that it was the intention of the legislature to render the preparation of records and transcripts to this court less technical, and perhaps in some instances to broaden the scope of review on appeal. We should, therefore, construe section 4427, as amended, in such manner as to accomplish the same purposes.

The word ''interlocutory,'' as applied to rulings and orders by the trial court, has been variously defined. In order to give effect to the legislative intent, however, we now decide that the word ''interlocutory,'' as used in section 4427, as amended, should be given its broadest meaning, and should be held to refer to all orders, rulings and decisions made by the trial court from the inception of an action to its final determination. We are not without authority in so holding, especially where we are considering the word in its relation to appellate procedure.

In *Pfeiffer et al. v. Crane,* 89 Ind. 485, it is said:

"The distinction is between final judgments and interlocutory judgments. A final judgment is the ultimate determination of the court upon the whole matter in controversy in the action. An order of the court, made in the progress of the cause, requiring something to be done or observed, but not determining the controversy, is an interlocutory order, and is sometimes called an interlocutory judgment."

See, also, *Western Union Tel. Co. v. Locke,* 107 Ind. 9, 7 N. E. 579.

In the case of *Keifer v. Reichert,* 93 Md. 97, 48 Atl. 460, it was held that an order by the trial judge that a petition and order of the court for a rehearing be filed by the clerk *nunc pro tunc* was in the nature of an interlocutory order. The court said:

"The order here appealed from is not a final decree; nor is it 'an order in the nature of a final decree.' It is merely an interlocutory order—an intermediate step in the proceedings—looking to final action by the court upon the matter embraced in the petition upon which the order was passed."

In *Smith v. Sahler,* 1 Neb. 310, it is said:

"When no further action of the court is required to dispose of the cause pending, it is final. When a cause is retained for further action, as in this case, it is interlocutory."

Upon the petition for rehearing in this case having been granted, appellants filed a waiver and withdrawal of the second specification of error, as set forth in their brief, to the effect that the court erred in sustaining in part the motion to strike certain parts of the complaint. We see no reason why appellants should not be permitted so to do.

This leaves for consideration only the question as to whether the court erred in sustaining the demurrer to the complaint after striking portions thereof. On this question we adhere to the views expressed in the original opinion.

The judgment of the lower court dismissing the action is reversed, and the cause is remanded with instructions to overrule the demurrer. Costs awarded to appellants.

Morgan, C. J., and Budge, J., concur.