(No. 5507.   October 14, 1930.)

H. L. MAXWELL et al., Respondents, v. TWIN FALLS CANAL COMPANY, a Corporation, Appellant.

[292 Pac. 232.]

James R. Bothwell, for Appellant.

Harry Benoit, for Respondents.

McNAUGHTON, J.—Plaintiffs seek to remove a cloud upon their title to lands set forth in the complaint. The alleged cloud is a document executed by the defendant, appellant here, and acknowledged by it. It is in the nature of a claim or what is termed an equitable lien.

Appellant company attacked the pleadings and moved to strike the whole of paragraph 8 of the complaint. It assigns as error the court's order refusing to do so.

The complaint, after setting forth the corporate existence of the defendant Twin Falls Canal Company, and the corporate existence of certain of the plaintiffs, then sets forth that on September 13, 1926, the defendant filed with the county recorder of the county in which plaintiffs' land is situate a purported claim of equitable lien and caused the same to be recorded in book 8 of Mechanics' Liens, at page 162. The paper filed gives notice of a claim of an equitable lien upon the lands involved. A copy of this document is attached to and made a part of the complaint, marked Exhibit "A." Paragraph 8 of the complaint sets forth that it purports to be for drilling wells, but fails to state when the work was commenced and completed, and alleges that said work was performed and completed more than five years prior to the said filing, and charges that said lien was not filed in the time provided by law and that foreclosure proceedings were not commenced within the time provided by law; that the said pretended lien is void, null and of no effect, and is at this time a cloud upon the title to the said land owned by plaintiffs, to their detriment and damage.

■■ Before taking up this assignment we must dispose of a motion by plaintiffs, respondents here, to strike that part of the transcript on appeal relating to appellant's motion to strike from the complaint. This motion of respondents is put upon the ground that the transcript is not

accompanied by a certificate showing the papers used by the judge at the hearing on the motion claimed to be required by Rule 21 of this court. The record brings up the motion and the complaint. This court has held Rule 21 does not apply to appeals from the judgment wherein, pursuant to C. S., sec. 7170, intermediate orders, the rulings on which are deemed excepted to, may be reviewed in this court. The ruling of a trial court on a motion to strike from the complaint is such an order. (C. S., sec. 6879; *Steinour v. Oakley State Bank* (on rehearing), 32 Ida. 91, 177 Pac. 843.) The motion is denied. Diminution of the record to bring up such certificate is deemed unnecessary.

Before passing this point, we may say Rule 21 was adopted and construed in *Swanson v. Groat*, 12 Ida. 148, 85 Pac. 384, prior to the enactment of C. S., sec. 6879, and the decision of this court in *Steinour v. Oakley State Bank*, *supra*, was later. Under the later decision, pursuant to statutory amendments, it is held Rule 21 does not apply where upon appeal from the judgments intermediate orders not appealable may be reviewed upon transcript of the files and proceedings as provided by C. S., secs. 6886 and 7166, in lieu of bill of exceptions and statement.

■■  We think there was no error in refusing to strike paragraph 8, because, while parts of this paragraph of the complaint challenged by defendant are conclusions of law which might be deemed nonessential and objectionable, the allegation that said work was commenced and completed more than five years before the purported lien was filed is an allegation of a fact. It is in no sense a conclusion of law. After setting forth the purported claim of lien and the facts in relation to it, and the fact of its being recorded, this being an equity action, it was permissible for plaintiffs to charge that as a matter of law it is void, null and of no effect, but nevertheless casts a cloud upon plaintiffs' title to said lands.

■  A motion to strike a whole paragraph in the complaint, which contains some good and proper allegations and some bad, without separating the good from the bad, should

be overruled. (*Valley Lumber Co. v. McGilvery,* 16 Ida. 338, 101 Pac. 94.)

It is next claimed the complaint is ambiguous because it cannot be determined therefrom as to when plaintiffs claim the lien should have been filed, or wherein it is void, null and of no effect. Plaintiffs are not concerned with setting up a state of facts which might have resulted in a good lien. Their failure to do so did not render the facts set forth in their complaint uncertain, nor their charge as to the legal effect of the facts pleaded, uncertain or ambiguous.

The controlling question in this case is out of the ordinary. The defendant, appellant here, has filed against the lands of plaintiffs a document executed and acknowledged by it. In this document the company sets forth in detail an agreement between it and the owners of the lands in question whereby it is claimed in consideration of drilling certain wells upon the lands the owners agreed to pay a certain sum in cash or notes secured by mortgage upon the lands. They claim the company drilled the wells contracted to be drilled, in accordance with the agreement, but that the owners failed and refused to pay the contract price therefor in cash or by note and mortgage. The document so recorded then sets forth that by reason of the premises the company claims a lien against the said lands of each of said owners in the amount of the mortgage agreed upon. May this be done?

It is not claimed the notice or document was filed as notice of a statutory lien under our lien law. And at the outset we wish to be understood that it is our view that we are not concerned in this action with the question of whether the facts set forth in the paper filed, if true, would or would not, in an equity action, entitle the company to an equitable mortgage. The sole question here as we view it is whether or not the company has, under our recording acts, other than by notice of *lis pendens,* the right to file for record, and maintain on record, a notice of claim of an equitable lien or mortgage against the lands of the re-

spondent owners. That is, has the company the right to give public constructive notice of a claim that in equity it has a right to an equitable mortgage?

Appellant's position as we understand it is that in equity it would be entitled to an equitable mortgage upon these lands; that it desires to give notice of such right to all subsequent purchasers or incumbrancers of these lands; that by executing, acknowledging and recording the document involved it accomplishes this purpose; and that it has a right to do this by virtue of C. S., sec. 5413, which provides:

"Any instrument or judgment affecting the title to or possession of real property may be recorded under this chapter."

If the company has the right to file a paper giving such constructive notice before instituting action it must be found in C. S., sec. 5413. It is not elsewhere and the case turns upon a determination of whether or not this document in question is an instrument entitled to record within the purview of that section.

Appellant relies upon *In re Buchner,* 202 Fed. 979, 988. In that case the federal court gave a liberal, and perhaps proper, construction of the recording acts of Illinois. As we understand the case, the Peoria banks were the equitable assignees of a recorded mortgage which mortgage was wrongfully released by the mortgagee their assignee. Upon ascertaining this fact the banks filed notice under the Illinois recording acts to that effect. In treating that question the court said:

"The Illinois Recording Act authorizes instruments affecting real estate to be recorded; that is, instruments which create, alter, or extinguish some right, interest, or power in the land. The Peoria Banks had an equitable assignment of the mortgage. Their notice asserted this, and this created something which they did not have before. The Recording Act has been liberally construed in Illinois, and I think this paper should be regarded as imparting constructive notice."

It may be noted that under the construction of the Illinois law the instrument must "create, alter, or extinguish some right, interest, or power in the land." The case at bar does not meet that requirement.

The California court placed a construction on the term "Instrument" as used in a section of their codes which is identical with our C. S., sec. 5413, wherein the court said: "The word instrument as used in the codes invariably means some written paper or instrument signed and delivered by one person to another, transferring the title to, or giving a lien on property, or giving a right to debt or duty." (*Hoag v. Howard*, 55 Cal. 564.) Quoted and adopted in *In re McIntosh*, 150 Fed. 546, 548, 80 C. C. A. 250.

We are inclined to this construction and do not think the term "instrument" as used in the section quoted includes the notice of claim made by a stranger to the title. We think this court has taken the view that while the main purpose of the recording statutes is the giving of constructive notice, the notice contemplated by them is not a publication to the world, but only notice to subsequent purchasers or incumbrancers; and the subsequent purchasers or incumbrancers contemplated by the law, "are those claiming title under the same grantor, and it is to them only that the record is constructive notice." (*Harris v. Reed*, 21 Ida. 364, 121 Pac. 780, 784.)

It is therefore thought documents executed by strangers to the title are not instruments as contemplated by the law, and are not entitled to record because not authorized by any statute to be so recorded.

It is said to be a common practice to have affidavits by strangers to the title, setting forth family history, etc., recorded. This is true. But we have not been cited any authority, and we are unable to find any, holding that such affidavits, in the absence of statute so providing, impart constructive notice to anybody of anything, or authorities that hold that such documents are entitled to record.

It is finally claimed by appellant that if the claim of equitable lien is not entitled to record, and is not constructive notice to subsequent purchasers, it does not constitute a cloud on the title of the respondents.

We do not think, in an action of this kind, the powers of the court are limited to the cancelation of only such unauthorized records as cast a real cloud on the title. An instrument that does not actually cast a cloud on the title may be exceedingly vexatious and injurious though it actually throws only a suspicion.

Aside from what has been said, there is another and perhaps more potent reason than has been advanced for sustaining the decision of the trial court. The policy of the law favors the prompt, open and orderly adjustment of disputes. Where one claims right to an equitable mortgage, the courts are open, and the rights of such claimant may be protected against subsequent purchasers or incumbrancers from the day the right accrues and action for such relief is begun by filing a *lis pendens.* This is the notice of claim to subsequent purchasers or incumbrancers provided by our statutes; we think the only one. True, this notice of claim is not effective until action to enforce the claim is begun, but delays are not favored in the law, and we think the law, in limiting claimant to notice by *lis pendens,* purposely discourages delay and consequent annoyance.

Judgment affirmed. Costs to respondents.

Givens, C. J., and Budge, Lee and Varian, JJ., concur.