(November 17, 1898.)

## BURBANK v. KIRBY.

[55 Pac. 295.]

HOMESTEAD — STATUTE MUST BE STRICTLY COMPLIED WITH TO CREATE.—To entitle one to the benefit of a homestead the provisions of the statute as to filing and declaration of homestead must be strictly complied with.

SAME—DECLARATION — ACKNOWLEDGMENT.— When K., a married woman, filed a declaration of homestead upon community property, which declaration was not acknowledged and certified as required by statute, such filing did not constitute the property filed on a homestead, and it is too late after judgment sale and sheriff's deed thereunder to ask for the reformation of such acknowledgment in an action by the grantor in the sheriff's deed to recover possession of the property.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Forney, Smith & Moore, for Appellant.

The court made and signed findings of fact, conclusions of law and decree, finding for the defendant and permitting the said instrument to stand against a creditor and supplying the defect in the certificate of acknowledgment by extraneous evidence. The declaration was absolutely void. (*Beck v. Soward,* 76 Cal. 527, 18 Pac. 650; *Kennedy v. Gloster,* 98 Cal. 143, 32 Pac. 941; *Co-operative Loan etc. Assn. v. Green,* 5 Idaho, 660, 51 Pac. 770; *Goodwin v. Mortgage Co.,* 110 U. S. 1, 3 Sup.Ct. Rep. 473; *Smith v. Richards,* 2 Idaho, 498, 21 Pac. 419.) No rights were acquired under the said instrument purporting to be a homestead declaration. (*Kennedy v. Gloster,* 98 Cal. 143, 32 Pac. 941; *Beck v. Soward,* 76 Cal. 527, 18 Pac. 650; Waples on Homesteads, 169-176 and cases, note 4) The defense is insufficient. (*Kennedy v. Gloster, supra; Beck v. Soward, supra;* Pomeroy's Code Remedies, secs. 87, 88, 92, 94, 97, 99; *Goodwin v. Mortgage Co.,* 110 U. S. 1, 3 Sup. Ct. Rep. 473—Justice Harlan.) The method provided by the statute of Idaho, sections 3035-3038, inclusive, is the only method or mode by which a

homestead can be acquired in Idaho. (*Rosenthal v. Merced Bank,* 110 Cal. 203, 42 Pac. 640; *Law v. Spence,* 5 Idaho, 244, 48 Pac. 282 (284); *Wright v. Westheimer,* 3 Idaho, 232, 35 Am. St. Rep. 269, 28 Pac. 430; *Wilcox v. Deere,* 5 Idaho, 545, 51 Pac. 98; *Gaylord v. Place,* 98 Cal. 478, 479, 33 Pac. 484; *Smith v. Richards,* 2 Idaho, 498, 21 Pac. 419.) Conceding that the defendants acquired an equitable interest by virtue of the pretended homestead, such right has been absolutely waived. It was not set up in the original case of *H. C. Burbank & Co. v. Thomas Kirby.* The lands and premises herein were attached in that case. The defendant should have defended therein. (Waples on Homesteads, 882, 883; *Stockton v. Ford,* 18 How. 418; *Harshman v. Knox County,* 122 U. S. 306, 7 Sup. Ct. Rep. 1171.) A defective homestead cannot be aided by extraneous evidence. (*Wilcox v. Deere, supra; Kennedy v. Gloster, supra; Goodwin v. Mortgage Co., supra;* Waples on Homesteads, 177.) There being no valid declaration on file at the time of the levy of the attachment in *H. C. Burbank & Co. v. Thomas Kirby,* the premises, although community property, were subject to levy in said case. (Idaho Rev. Stats., 3039; *Wright v. Westheimer,* 3 Idaho, 232, 35 Am. St. Rep. 269, 28 Pac. 430; *Law v. Spence.* 5 Idaho, 244, 48 Pac. 282 (284).)

James E. Babb and George W. Coutts, for Respondents.

A declaration of homestead is an "instrument" within section 2971 of the Revised Statutes. The certificate of acknowledgment is reformable if the acknowledgment was properly taken. The right to reform is good against all persons chargeable with notice. (*Grotenkemper v. Carver,* 77 Tenn. 230; *Coal Creek Min. Co. v. Heck,* 83 Tenn. 497.) Possession charges persons with notice of right of reformation. (*Morrison v. Wilson,* 13 Cal. 495, 73 Am. Dec. 593; *Stahn v. Hall,* 10 Utah, 400, 37 Pac. 585; *Phoenix Mut. Life Ins. Co. v. Beaman,* 5 Kan. App. 772, 48 Pac. 1007.) Where parties actually know an instrument to be of record, though defectively certified, they are charged with notice that it may have been correctly acknowledged, though it be defectively certified. (*Brusie v. Gates,* 80 Cal. 462, 22 Pac. 284, 286; *Whittier v. Varney,* 10 N. H. 300;

*Wedel v. Herman,* 59 Cal. 507; Platt's Property Rights of Married Women, 55, 56.) A declaration of homestead on community property is not then within the intent of purpose of the statute requiring separate examination and acknowledgment. (*Clements v. Stanton,* 47 Cal. 61; *Furrow v. Athey,* 21 Neb. 671, 59 Am. Rep. 867, 33 N. W. 208.)

HUSTON, J.—Plaintiff having recovered a judgment in the district court against defendant Thomas Kirby, issued execution thereon, and levied upon, and sold thereunder, certain real estate of said defendant. Having received a sheriff's deed of the real estate, plaintiff made demand of possession of the property of defendant, and, possession being refused by the defendant, plaintiff brought this action to recover possession. Judgment in the first action was taken by default after personal service, no appearance having been made in said action by defendant. To this action defendants appear, and set up as a defense that prior to the levy of the attachment and recovery of judgment by plaintiff against the defendant Thomas Kirby, the defendant, May Kirby, as the wife of the said Thomas Kirby, had filed a declaration of homestead upon the real estate in question, and that by reason thereof said real estate was not subject to levy and sale. The real estate in question was community property It is claimed by plaintiff that the declaration of homestead filed by said defendant May Kirby, as wife of defendant, Thomas Kirby, not having been acknowledged, as required by the statute of Idaho, the same was void and inoperative, and did not constitute a homestead under the statutes of this state. Section 3070 of the Revised Statutes of Idaho is as follows: "In order to select a homestead, the husband or other head of the family, or in case the husband has not made such selection, the wife must execute and acknowledge in the same manner as a conveyance of real property is acknowledged, a declaration of homestead and file the same for record." Section 3073 provides that: "From and after the time the declaration is filed for record, the premises therein described, constitute a homestead." It is palpable that the declaration of homestead relied upon by the defendants in this case was not, as shown by the certificate of the

notary, acknowledged, as required by statute. Section 2971 of the Revised Statutes of Idaho is as follows: "When the acknowledgment or proof of the execution of an instrument is properly made, but defectively certified, any party interested may have an action in the district court to obtain a judgment correcting the certificate." The statutes we have quoted were copied from those of California, and before their adoption by Idaho had been repeatedly passed upon and construed by the supreme court of the former state. In *Kennedy v. Gloster,* 98 Cal. 143, 32 Pac. 941, following *Beck v. Soward,* 76 Cal. 527, 18 Pac. 650, the court says: "The certificate must be attached to the declaration, and the paper may then be filed for record, and constitute a homestead; but, if the certificate is not made in substantial conformity to the requirements of the statutes, the paper is not entitled to record, and if filed and recorded, it will not constitute a homestead." Accepting the construction of the statute as given by the supreme court of California, we must conclude that at the time the attachment by plaintiff was levied, at the time he recovered judgment, at the time of the sale under execution, and the making and delivering of a deed by the sheriff, no homestead existed on the lands in question.

But it is claimed by counsel for defendants that, as the acknowledgment was properly taken, and that the defect in the certificate arose from an oversight on the part of the notary, the defendants are entitled to have said certificate reformed in this action, and that such reformation shall relate back to the time of the filing for record of the declaration of homestead. We cannot agree with this contention. We have examined all of the authorities accessible cited by counsel in support of his position, and find that without exception they apply to cases of conveyances. A homestead is not a conveyance. It possesses none of the essential requisites of a conveyance. There is neither grantor, nor grantee, nor consideration in a declaration of homestead. There is no transfer of, or change in, the title. It is the act of the owner of the property, whereby such owner secures a right or privilege given him by the statute, and which is in derogation of the common law and common right, and which can only be secured by a substantial compliance with the provisions of the

statute, conditions precedent to the investiture of the property with the exceptional character contemplated. If the title to the property passes from the owner by due and proper proceedings in the course of law, he cannot, after such title has vested in another, defeat it by establishing a homestead *nunc pro tunc.* The declaration of homestead was prepared, executed, and acknowledged on the 10th of August, 1893. On the third day of November, 1893, it was filed for record. On February 15, 1894, plaintiff commenced his action, and issued attachment, and levied the same upon the property in question; and on March 31, 1894, judgment was entered against the defendant Thomas Kirby and in favor of plaintiff. On August 26, 1894, execution was issued on the judgment, and on November 12th sale was had, and certificate of sale and sheriff's deed were thereafter executed and delivered to plaintiff. Defendants had six months and over after the execution of the declaration of homestead in which to have the defective certificate of acknowledgment corrected as provided in section 2971 of the Revised Statutes, or to file a new and proper declaration, and did not avail themselves of either remedy. Judgment of district court is reversed, with costs to appellant.

Sullivan, C. J., and Quarles, J., concur.

### ON REHEARING.

### (December 15, 1898.)

QUARLES, J.—The respondents have filed a petition for rehearing, which we have carefully considered. The certificate of acknowledgment to the declaration of homestead in question here cannot be reformed so as to affect the attachment lien of the appellant. We think that such certificate to a declaration of homestead may be amended, but not as against a creditor who has, by attachment judgment or other means, acquired a lien on the premises claimed as a homestead. Under section 3070 of the Revised Statutes, the declaration of homestead must be acknowledged in the same manner as a conveyance of real estate. Section 3072 provides that the declaration must be recorded in the county recorder's office, and by section 3073 the

declaration takes effect from the time it is filed for record. Unless the declaration is acknowledged as required by law, the recorder is not required to file or record it. If it is not acknowledged and certified in the manner required by law, the filing and recording of it in the county recorder's office imports no notice to creditors, and does not bind them. The proceeding to exempt the homestead is a statutory one. To exempt the home from the lien of attachment, judgment, or execution, a declaration, containing the matters required by law, acknowledged as required by law, and the acknowledgment certified as required by law, must be filed in the county recorder's office in the county where the homestead is situated.

Query: If a declaration is properly executed, properly acknowledged, but the acknowledgment defectively certified, can the declarant maintain an action to amend or reform the certificate, there being no liens on the homestead? We are asked to decide this question, but it is unnecessary to do so in this case. We will content ourselves with the suggestion that courts do not entertain idle suits, and the declarant could, in the case suggested, get all of the relief that he is entitled to by merely executing a new declaration, and filing it for record, with a proper certificate of acknowledgment thereto, or by acknowledging and procuring a proper certificate of acknowledgment to the old declaration. Courts are averse to helping those who can help themselves, but will not do so. A rehearing is denied.

Sullivan, C. J., and Huston, J., concur.