## In re McINTOSH et al.

(Circuit Court of Appeals, Ninth Circuit. February 4, 1907.)

### No. 1,319.

BANKRUPTCY—VOID PREFERENCE—UNRECORDED CONVEYANCE.

The failure to record a deed or mortgage given as security until after the bankruptcy of the grantor does not constitute the same an unlawful preference, within Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1905, p. 689], under Civ. Code Cal. § 1217, which provides that an unrecorded instrument is valid between the parties thereto and those who have notice thereof, nor can such instrument be set aside as fraudulent at suit of the grantor's trustee, in the absence of any allegation that it was witheld from record by agreement or for a fraudulent purpose, or that the grantee fraudulently concealed its existence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, §§ 275, 276.]

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of California.

This is an original petition for the review and revision of a decree entered by the District Court upon an order sustaining a demurrer of the defendant to the amended bill of complaint on the ground that the same did not state a cause of action, with leave to complainants to further amend, and a waiver of that right by the complainants and their election to stand upon the allegations of their amended bill; the decree adjudging that the "complainants take nothing by their said amended bill of complaint herein, that defendants go hence without day, and that the defendants recover from complainants their costs in this behalf expended, to be taxed by the court." The proceedings in the court below were by the plaintiffs, as trustees of the estate of A. B. Costigan, a bankrupt, and against D. B. Fairbanks and the Petaluma Savings Bank, a corporation. The original bill of complaint alleged, in effect, that on May 11, 1903, Costigan borrowed from the defendant bank $9,000, for the repayment of which, with interest, he executed to the defendant Fairbanks, who was at the time the cashier of the bank, his promissory note for the money borrowed, to secure which, and as security only, he at the same time executed to Fairbanks three several deeds, each covering certain lots of land situated in the county of Fresno, Cal.; that these deeds were made in the form of absolute conveyances, instead of a mortgage, at the request of Fairbanks, with the agreement on his part to redeem the property to Costigan on the payment of his note, with the interest thereon, and the payment of taxes and insurance; that at the time of the execution of the deeds Costigan was in the possession and control of the property therein described, and continued in such possession and control thereafter; that on the 16th day of September, 1904, Costigan filed his petition in the District Court, praying to be adjudged a bankrupt, which adjudication was made on the 19th day of September following, and that on the 6th of October, 1904, the complainants were duly appointed trustees of the estate of the bankrupt and qualified as such; that the deeds mentioned were not recorded by the defendant in the office of the recorder of deeds of Fresno county until September 21, 1904, to wit, three days after Costigan was adjudicated a bankrupt, and three days after the title to all of the property of the said bankrupt had vested, by operation of law, in the complainants as trustees of his estate; that the deeds were filed for record by Fairbanks with full knowledge of the insolvency and bankruptcy of Costigan, and that the failure to record them misled and thereby operated as a fraud upon the other creditors of Costigan, who gave credit to him subsequent to May 12, 1903, and prior to the recording of the deeds; that the deeds constituted an unlawful preference by the bankrupt and that the defend-

ants had reasonable cause to believe that the giving and recording of the deeds was intended thereby to give a preference to them. The prayer of the original bill was, among other things, for a decree adjudging the deeds to be in effect mortgages, that they created an unlawful preference in favor of the defendants, that they be adjudged null and void, and that the title to the lands embraced thereby be decreed to be vested in the complainants, as trustees of the bankrupt, free and discharged of any lien on the part of the defendants.

By an amendment to the bill the complainants alleged that "the effect of the transfer of the said real estate so conveyed by said deed [deeds] of conveyance will be to enable the said defendants to obtain a greater percentage of the debt due them by the said bankrupt than any other of the bankrupt's creditors of the same class." By a subsequent and further amendment to the bill, the complainants struck out paragraph 6 thereof, and in lieu thereof substituted the following: "(6) Your orators allege that on the 12th day of November, 1903, when the said note of the said A. B. Costigan became due and payable, and the said A. B. Costigan defaulted and failed to pay the same, the said H. T. Fairbanks, the president of the said defendant bank, had knowledge that the said A. B. Costigan was engaged in a hazardous business, was speculating in margins, and that the said real estate had been conveyed to him by his father, J. M. Costigan, for the purpose of securing credit, and was on friendly and confidential terms with the said A. B. Costigan and J. M. Costigan, his father, and had reasonable cause to believe that the said A. B. Costigan was insolvent; that the said defendants did not then, nor at any time, make known to other creditors, whom the said defendants knew to be creditors of the said bankrupt, that the said defendants held the said deeds to all the real estate of the said Costigan, and that the said several deeds were not filed for record with the recorder of the county of Fresno, state of California, by the said defendants; that notwithstanding the knowledge of facts and circumstances possessed by said defendants, and their reasonable cause to believe that the said A. B. Costigan was insolvent, they withheld said deeds from the records of said county of Fresno for ten months after the note secured by said deeds fell due, and with full knowledge of the insolvency and bankruptcy of said A. B. Costigan filed said deeds for record, as heretofore recited, five days after the said A. B. Costigan had filed his petition in this court to be adjudicated a bankrupt." And by the said last amendment the plaintiffs added to their original bill the following paragraphs:

"(9) Your orators further show that at the time said Costigan made and delivered said deeds to the defendants he did not own any other real estate than that described in said deeds; that during the period named, on and between the said 12th day of May, 1903, and the 16th day of September, 1904, all of the said Costigan's personal property was pledged to secure a part of his indebtedness, and that his indebtedness exceeded the value of the personal property so pledged in the sum of about sixty thousand dollars; that the said A. B. Costigan, during the said period between May 12, 1903, and September 16, 1904, before and after the said note to the Petaluma Savings Bank was due, represented to creditors, from whom he borrowed large sums of money from time to time, that he was the owner of the real estate set forth and described in the deeds to D. B. Fairbanks, hereinbefore more fully described, but failed to and did not notify said creditors that he had conveyed said property by deed to the said D. B. Fairbanks; that by reason of said representations, and by reason of the failure of the defendants to have the said deeds recorded, and their failure to disclose the existence of such deeds, the said creditors, being misled and deceived, gave credit and made large loans of money to the said A. B. Costigan: and your orators allege that the failure to so record said deeds by the defendants gave a false credit to the said Costigan, and operated as a fraud on his other creditors who are still unpaid.

"(10) Your orators further allege that the said A. B. Costigan, at the date he was adjudicated a bankrupt, did not own or possess any other property individually not exempt by law, save and except a seat in the Merchants' Exchange, of no fixed or definite value, and ten shares of stock of the Pacific Motor Car Company, valued at ten dollars; that the real estate heretofore described as conveyed to the defendants, as your orators are informed and verily

believe, and allege, does not exceed in value the sum of ten thousand dollars; that, if the said defendant bank is permitted to take said property to satisfy its claim of nine thousand dollars, it will result in great loss and injury to the other creditors of the said Costigan."

W. A. Coulter, for petitioner.
William B. Haskell and Henry C. McPike, for respondent.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Subdivisions "a" and "b" of section 60 of the act entitled "An act to establish a uniform system of bankruptcy throughout the United States" (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), as amended by the act approved February 5, 1903 (32 Stat. 799, c. 487, § 13 [U. S. Comp. St. Supp. 1905, p. 689]), are as follows:

"(a) A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class, Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required.

"(b) If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person. And for the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

Passing the failure of the bill to allege that Costigan was, in fact, insolvent at the time of the execution of the deeds referred to, we agree with the District Court that the failure to record the deeds given by Costigan to Fairbanks until after he was adjudged a bankrupt is not, of itself, sufficient to make such deeds an unlawful preference within the meaning of the above-quoted provisions of the bankruptcy act; for, under the provisions of the statute of California, the instruments in question were valid as between the parties thereto and against the general creditors of Costigan, without recordation, if otherwise free from vice.

By section 1217 of the Civil Code of California, it is provided that:

"An unrecorded instrument is valid between the parties thereto, and those who have notice thereof."

The word "instrument," as used in the provisions of the Code, said the Supreme Court of that state in the case of Hoag v. Howard, 55 Cal. 564, 565, "will be invariably found to indicate some written paper or instrument signed and delivered by one person to another, transferring the title or creating a lien on property, or giving a right to a debt

or duty." And in the case of Bank of Ukiah v. Petaluma Savings Bank, 100 Cal. 590, 35 Pac. 170, the court said:

"The lien of an unrecorded mortgage, given to secure a loan, is created by the mere execution and delivery of the mortgage, and takes precedence over a judgment or judgment lien obtained after its execution."

See, also, In re Hunt (D. C.) 139 Fed. 283; Rogers v. Page, 140 Fed. 596, 605, 72 C. C. A. 164, and cases there cited.

But, as said by the Court of Appeals for the Eighth Circuit in Rogers v. Page, supra:

"There is a distinction between a mere negligent failure to record a mortgage or deed, and a deliberate agreement to do so, although the mere fact of an agreement to withhold from record is not of itself such evidence of a fraudulent purpose as to constitute a fraud in law. It is, however, a circumstance constituting more or less cogent evidence of a want of good faith according to the particular situation of the parties, and the intent as indicated by all of the facts and circumstances of the particular case."

In the bill under consideration there is not even an averment of an agreement on the part of the defendants to withhold from record the deeds in question, much less any direct averment that the deeds were withheld from record by the agreement of the parties for the fraudulent purpose of giving to the bankrupt a false credit, or that the grantee concealed the fact that such deeds were made with fraudulent intent to deceive and defraud the creditors of the grantor. We agree with the district judge that it is not sufficient to simply allege probative facts from which it may be argued that there was such agreement or active concealment. Rogers v. Page, supra, and cases there cited. See, also, Blennerhasset v. Sherman, 105 U. S. 118, 26 L. Ed. 1080; Curry v. McCauley (C. C.) 20 Fed. 583; Smith v. Craft (C. C.) 17 Fed. 705; Stephens v. Sherman, Fed. Cas. No. 13,369a.

Nor are the allegations of the bill as amended sufficient to justify a decree adjudging the deeds in effect mortgages, for the reason that there is no averment that it has ever been claimed by either of the defendants to the bill that the deeds were absolute conveyances or other than security for money loaned, and therefore in effect mortgages. As, therefore, the bill as amended stated no ground for a decree adjudging the instruments mortgages, the judgment of the District Court, to the effect that the complainants take nothing by their amended complaint and that the defendants go hence without day, cannot be a bar to any subsequent action to have the purported deeds declared mortgages, in the event such action shall become necessary.

The judgment is affirmed.