(December 2, 1909.)

JOHN F. O'CONNOR, Appellant, v. BOARD OF COUNTY COMMISSIONERS OF BEAR LAKE COUNTY, Respondent.

[105 Pac. 560.]

THE LOCAL OPTION LAW—FILING OF PETITION—CORRECTION OF INDORSEMENT.

1. Under the provisions of the act of February 20, 1909 (Laws of 1909, p. 9), a petition for an election is required to be filed with the county auditor. When the petition is presented to the proper official, at a proper time, with a request that such petition be filed and tender of legal fee if required, the petition, in contemplation of law, is filed. To file a paper is to deposit it with the proper custodian for filing or record or custody, and tender legal fee if required, as provided by law; and the failure to mark thereon the word "filed" or to write thereon the proper official designation of the officer, does not prove that such paper was not filed.

2. In a judicial proceeding involving the question as to whether or not a paper has been filed, and it appearing that in fact the paper was filed with the proper officer, and that the officer indorsed thereon his official character as "clerk" instead of "auditor," it is not error to permit the indorsement to be corrected in accordance with the facts and to show that the indorsement was made by the proper official.

(Syllabus by the court.)

APPEAL from the District Court of the Fifth Judicial District, for Bear Lake County. Hon. Alfred Budge, Judge.

A petition to call an election under the local option law was presented to the board of county commissioners. The election was ordered by the board. Appeal to the district court. Order of the board affirmed. Appeal to this court. Judgment of lower court *affirmed*.

A. B. Gough, for Appellant.

"The application or petition for an election required by a local option law is a jurisdictional prerequisite; without such a petition, sufficient in respect to form and signature, the authorities have no power to order an election, and none can be legally held."   (23 Cyc. 95-98.)

Chas. E. Harris, and Clark & Budge, for Respondent.

Filing a paper consists in presenting it at the proper office, and leaving it there deposited with the papers in such office. Indorsing it at the time of filing is not a necessary part of filing.   (*Tregambo v. Comanche etc. Min. Co.*, 57 Cal. 501; *Wescott v. Eccles*, 3 Utah, 258, 2 Pac. 525; *In re Dewar's Estate*, 10 Mont. 426, 25 Pac. 1026; *Edwards v. Grand*, 121 Cal. 254, 53 Pac. 796; *Rathburn v. Hamilton*, 53 Kan. 470, 37 Pac. 20; *State v. Heth*, 60 Kan. 560, 57 Pac. 108; *Harrison v. Clifton*, 75 Iowa, 736, 38 N. W. 406.)

A paper is properly filed by delivering it to the clerk with an intention that it shall be filed, and such filing is not affected by the clerk's failure to indorse the same.   (*In re Conant's Estate*, 43 Or. 530, 73 Pac. 1018; *Bade v. Hibberd*, 50 Or. 501, 93 Pac. 364, 15 Cyc. 338, 19 Cyc. 529, 530; 3 Words and Phrases, 2764, and cases cited.)   The court was authorized to permit the auditor to correct the filing.   (*Starkweather v. Bell*, 12 S. D. 146, 80 N. W. 183; *In re Dewar's Estate, supra; Call v. Rocky Mountain Bell Tel. Co.*, 16 Ida. 551, 102 Pac. 146.)

STEWART, J.—A petition was presented to the board of county commissioners of Bear Lake county, praying that an election be held, under the provisions of the act of February 20, 1909 (Laws of 1909, p. 9), known as the "local option

law," to determine whether the sale or disposal of intoxicating liquors as a beverage should be prohibited in said county.

John F. O'Connor, appellant, filed objections and protest against calling such election. The matter was heard before the board of commissioners, and an election was ordered. From this order an appeal was taken to the district court. This case was tried in the lower court upon an agreed statement of facts as follows:

"1st. That W. R. Holmes now is, and at all of the times hereinafter mentioned was the duly elected, qualified and acting clerk of the district court and *ex officio* auditor and recorder and also clerk of the board of county commissioners of said Bear Lake county, Idaho.

"2d. That the petition as a whole in this matter is signed by the requisite number of qualified electors of said Bear Lake county, Idaho, to justify and entitle said board of county commissioners to call said election, and that same was signed by petitioners after the law under which the election is called became effective.

"3d. That the petition as a whole was, on the 1st day of July, 1909, presented and delivered to the said W. R. Holmes, at his office in the courthouse at Paris, Idaho, by Joseph R. Shepherd, a duly qualified elector and freeholder of said county and one of the signers of said petition, who there and then requested said petition to be filed with the county auditor; that said petition was verified in the manner as shown by the verification of said Joseph R. Shepherd on file herein. The said Holmes made no request for fee for filing same and none was paid by said Shepherd. The said Holmes then filed said petition making the following indorsement thereon, to wit: 'Filed July 1st, 1909, at 3 P. M., W. R. Holmes, Clerk,' as appears by indorsement on the first sheet of said petition. This was the only petition filed in the matter. That said verification is the only verification made or attempted to be made of said petition. The petition as a whole is composed of a large number of smaller petitions, all in separate sheets in same form as first sheet on which filing is indorsed.

"4th.  Said petition was presented to the board of county commissioners of said county in regular meeting on July 12, 1909, being first day of its regular July meeting.

"As no objection is made to the sufficiency of the petition so far as the number of petitioners are concerned, and all of the sheets thereof are similar, it is agreed that the first sheet thereof, on which the filing is indorsed and the affidavit of verification, may be considered and deemed sufficient in making up the record in this hearing and on appeal from the judgment made in this court, if appeal be taken."

W. R. Holmes, clerk of the district court and *ex officio* auditor and recorder, and clerk of the board of county commissioners, was sworn and examined and testified as follows:

"I am clerk of the district court and auditor and recorder and clerk of the board of county commissioners of Bear Lake county, Idaho; I held such offices on the first day of July, 1909; the filing mark appearing on the first page of the petition of Joseph R. Shepherd et al., in the matter of calling an election to determine whether intoxicating liquors shall be sold in Bear Lake county, Idaho, was placed thereon by me; said petition was presented to me by Joseph R. Shepherd with the request that I file the same as county auditor."

Thereupon counsel for the county moved the court that the witness be permitted to correct the filing mark by striking out the word "clerk" and inserting in lieu thereof the word "auditor," which request was granted by the court and the correction thereupon made.  To this ruling of the court, an exception was taken.  Upon this record the trial court entered judgment affirming the order of the board of county commissioners, from which this appeal was taken.

In this court appellant relies upon two contentions: First, that the petition was not legally filed; hence, the board of commissioners had no authority or jurisdiction to make the order calling an election.  Second, the court erred in permitting the witness Holmes to correct his filing on the petition by striking out the word "clerk" and inserting in lieu thereof the word "auditor."  Sec. 1 of the act of February 20, 1909,

*supra,* requires that the petition shall be filed with the county auditor.

It is the contention of appellant that although the offices of clerk of the district court and *ex officio* auditor and clerk of the board of county commissioners are all filled by the same person, that the presentation of the petition to such person and the filing thereof by him is not a filing with the auditor as provided in the statute, unless such person writes after his name the word "auditor." It was not the duty of the petitioners when the petition was presented to stand by and see that the official performed the duty required of him by law. The law made it his duty, upon the presentation of such petition and the tender of the legal fee, if demanded, to file the same as auditor; and the fact that he indorsed such petition as filed and wrote after his name the word "clerk" instead of "auditor" would not deprive the petitioners of their rights under the law. When the petition was presented to the proper official, with a request that such petition be filed, the petition in contemplation of law was filed. To file a paper is to deposit it with the proper custodian for filing, record or custody as provided by law. The failure to mark thereon the word "filed" or to write thereon the proper official designation of the officer does not destroy the filing or prove that such paper was not filed. (*Tregambo v. Comanche Mill. & Min. Co.,* 57 Cal. 501; *Wescott v. Eccles,* 3 Utah, 258, 2 Pac. 525; *In re Dewar's Estate,* 10 Mont. 422, 25 Pac. 1025; *Rathburn v. Hamilton,* 53 Kan. 470, 37 Pac. 20; *Edwards v. Grand,* 121 Cal. 254, 53 Pac. 796; *In re Conant's Estate,* 43 Or. 530, 73 Pac. 1018; *Manhattan v. Laimbeer,* 108 N. Y. 578, 15 N. E. 712; 19 Cyc. 529, 530.)

This question was considered by this court in the case of *Oregon Short Line R. Co. v. Stalker,* 14 Ida. 371-403, 94 Pac. 59, in which this court held:

"The great weight of authority seems to be that when a grantee has duly deposited for record a valid instrument at the proper time, at the proper office and with the proper officer, he has performed his whole duty, and subsequent purchasers will be charged with constructive notice, notwithstand-

ing the officer does not spread the instrument on the records or fails to record it at all.''

Applying this principle to the case under consideration, when a proper petition was presented at a proper time, to the officer named in the law, to wit, the auditor, and left with him for filing, it was filed. The petitioners had done all that the law required of them, and their rights could not be jeopardized by any failure of the officer to make the proper indorsements upon such petition. Under the stipulated facts, the petition praying that an election be called was filed with the proper officer and in accordance with law, notwithstanding the fact that such officer wrote after his name the word ''clerk.'' This no doubt was a mere clerical error and should not, and could not, in any way prejudice the rights of the petitioners.

It is next contended that the trial court erred in permitting the auditor to amend the indorsement made upon such petition by striking out the word ''clerk'' and writing the word ''auditor.'' The indorsement made upon the petition by the auditor was merely the evidence of the filing and did not constitute a part of the filing, and the paper having been properly filed, it was not error in the trial court to permit the indorsement to be corrected in accordance with the facts. (*Starkweather v. Bell,* 12 S. D. 146, 80 N. W. 183.)

The judgment of the district court is *affirmed.* Costs awarded to *respondent.*

Sullivan, C. J., and Ailshie, J., concur.