695 P.2d 1240

**In re GVR LTD. CO., INC., Debtor.**

**A–J CORPORATION, an Idaho Corporation, Plaintiff-Appellant,**

v.

**GVR LTD. CO., INC., an Idaho Corporation, Loren Wetzel, Trustee, et al., Defendants-Respondents.**

**No. 15643.**

Supreme Court of Idaho.

Feb. 7, 1985.

Hawley Troxell Ennis & Hawley, Boise, for plaintiff-appellant; John F. Kurtz, Jr., Boise, argued.

Moffatt, Thomas, Barrett & Blanton, Chartered, for defendants-respondents; Tom Ambrose, Boise, argued.

Chas. F. McDevitt, Boise, for GVR Ltd. Co., Inc., Western Idaho Production Credit Assoc., and Valley Ranches, Inc.

James S. Underwood, Jr., Boise, for Ralph E. and Mabel Coates.

Jon N. Wyman, Boise, for J.R. Weiss-rock.

Before DONALDSON, C.J., SHEPARD, BISTLINE and HUNTLEY, JJ., and McFADDEN, J. Pro Tem.

PER CURIAM.

The United States Ninth Circuit Court of Appeals has certified to us the following issue: Whether under Idaho law a mechanic's lien filed under Title 45, Chapter 5 of the Idaho Code must include an acknowledgment, pursuant to I.C. § 55–805, in order for it to be properly recorded. We hold that it does not, and never has.

Title 45, Chapter 5, Idaho Code, provides laborers and materialmen with the right to assert and obtain a lien against the property upon which they have performed labor or for which they have furnished materials. I.C. § 45–507 states specifically the requirements with which a lien claimant must conform in order to perfect a mechanic's or materialman's lien, one of which is that the claim must be verified. Nowhere in § 45–507 or anywhere else in Title 45, Chapter 5 is there a requirement that a mechanic's or materialman's claim of lien must be acknowledged in order to be recorded. I.C. § 45–509 requires the county recorder to record such claims. I.C. § 31–2402 delineates the duties of a county recorder:

He must, upon the payment of his fees for the same, record separately, in large and well-bound separate books, in legible handwriting, typewriting or by photographic reproduction:

1. Deeds, grants, transfers and mortgages of real estate, releases of mortgages, powers of attorney to convey real estate and leases which have been acknowledged or proved.

. . . .

5. Notices of mechanics' liens.

. . . .

7. Notices of attachments upon real estate.

. . . .

It is at once noted that since 1864 the legislatures, territorial and then state, while requiring acknowledgments for recording of deeds, etc., have not imposed that requirement on notices of claimed mechanics' liens—which one would think might be the end of inquiry.

Acknowledgments are separately dealt with in Title 55, Chapter 8 of the Idaho Code. I.C. § 55–801, which has remained unchanged since 1887, provides: "Any instrument or judgment affecting the title to or possession of real property may be recorded under this chapter." I.C. § 55–802 separately deals with judgments, rendering them recordable without any requirement of acknowledgment. I.C. § 55–805 deals with "instruments" and provides that "be-

fore an instrument can be recorded, unless it is otherwise provided, its execution must be acknowledged by the person executing it...." Any doubt that a mechanic's lien is not an "instrument" within the purview of I.C. § 55–805, was put to rest long ago in *Maxwell v. Twin Falls Canal Company,* 49 Idaho 806, 292 P. 232 (1930), where this Court accepted the California Supreme Court's ascertainment of the meaning of the word "instrument" long, long ago in the year 1880:

> The California court placed a construction on the term "Instrument" as used in a section of their codes which is identical with our C.S., sec. 5413, wherein the court said: *"The word instrument as used in the code invariably means some written paper or instrument signed and delivered by one person to another, transferring the title to, or giving a lien on property, or giving a right to debt or duty."* (*Hoag v. Howard,* 55 Cal. 564.) Quoted and adopted in *In re McIntosh,* 150 Fed. 546, 548, 80 C.C.A. 250.
>
> *Id.* at 813, 292 P. at 234–35 (emphasis added).

C.S. sec. 5413, referred to in the foregoing excerpt, is now codified as I.C. § 55–813, now providing as it has since 1864:

> **Conveyance defined.**—The term "conveyance" as used in this chapter, embraces every instrument in writing by which any estate or interest in real property is created, alienated, mortgaged or encumbered, or by which the title to any real property may be affected, except wills.[1]

SHEPARD, J., concurs in the result.

BISTLINE, Justice, specially concurring.

This case is in a way a companion to *In re New Concept Realty,* 107 Idaho 711, 692 P.2d 355 (Sup.Ct.1984), another certified question from the Ninth Circuit Court of Appeals involving there the validity of acknowledgments.

There, in a special concurrence, I was a sole vote for the overruling of *Harris v. Reed,* 21 Idaho 364, 121 P. 780 (1912). It was the United States district judge's reliance on that case which led to his decision which turned out to be contrary to this Court's unanimous contrary perception of Idaho law. In my special concurrence I doubted the reality of the *Harris* holding that "The recording of an instrument which is not entitled under the statute to be reached cannot impart constructive notice to anyone." In *New Concept,* in an addendum to my special concurrence, I also questioned the validity of the Court's reliance on an after-the-fact affidavit of Mr. Gagnan supplying the fact missing from the certificate that he did personally know the persons who acknowledged before him. I was then of the view that the use of such extrinsic evidence was questionable, other than in the case of an allegedly fraudulent acknowledgment.

Today, in further delving into the matter of acknowledgments, my attention centered on a statute which was not mentioned in our *New Concept* opinion, nor in my special concurrence. That statute, which went wholly unmentioned in the briefs presented to us in *New Concept,* is I.C. § 55–725, a section found in the chapter which governs acknowledgments. It reads: "When the acknowledgment for proof of an instrument is properly made, but defectively certified, any party interested may have an action in the district court to obtain a judgment correcting the certificate." This statute was utilized in *Bunnell & Eno Investment Co. v. Curtis,* 5 Idaho 652, 51 P. 767 (1897). In that case a mortgagee's district court action was both to reform the acknowledgment certificate of the mortgage and to foreclose the mortgage as reformed. "The judgment corrected or reformed the certificate, so as to make it conform to the facts." 5 Idaho at 656, 51 P. at 767. This

---

**1.** A visit to the *Hoag* opinion discloses an error in this Court's quotation in that *Hoag* actually reads "creating" a lien instead of "givin" a lien—which is of no significance other than to highlight that the use of "creating" shows a closer adherence to the language of I.C. § 55–813 and its identical California counterpart.

Court, in upholding the district court said of the statute, which is now I.C. § 55–725:

> The acknowledgment of the execution, while no part of the instrument itself, is a part of the execution of the instrument. But the certificate of acknowledgment made by the officer who takes the acknowledgment is no part of the instrument, is no part of the execution of the instrument, but is merely evidence of the execution of the instrument. *The object of the statute is to promote truth and justice, and to give effect to the contract of the parties*, whether married or single, *by permitting the evidence of execution of an instrument that has been properly executed, but incorrectly certified*, to be corrected so as to conform to the truth, and we do not think that the legislature intended that married women should be excluded from the operation of this beneficent rule.

*Id.* at 658, 51 P. at 768 (emphasis added).

Eleven years later *Bunnell* was followed in *Booth Mercantile v. Murphy*, 14 Idaho 212, 93 P. 777 (1908), where a Utah notary attached to an acknowledgment made in accordance with Idaho law a certificate which was defective. The Court said:

> He failed, however, to attach a proper certificate, for the reason that he was not aware of the provisions of our statute. It does quite clearly appear to us, on the other hand, that the acknowledgment was taken in substantial compliance with our statute. The woman was made acquainted with the contents of the instrument; she already, in fact, knew its contents and the nature of the transaction; it was her transaction; it was taken in the absence of her husband and without any coercion or compulsion on his part. (*First Nat. Bank of Hailey v. Glenn*, 10 Ida. 224, 109 Am.St.Rep. 204, 77 Pac. 623.) It satisfactorily appears to us that the facts existed upon which the notary could have attached a proper certificate of acknowledgment. Where such facts already exist, and it is shown that the acknowledgment was proper, the certificate should be so reformed as to conform with the statute, and it was error to

refuse a reformation of the acknowledgment so as to entitle the mortgage to be foreclosed in this case. (Sec. 2971, Rev. Stat.; *Bunnell & Eno. Inv. Co. v. Curtis*, 5 Ida. 652, 51 Pac. 767.)

*Booth, supra,* at 218–19, 93 P. at 778–79.

A year after *Bunnell,* in *Burbank v. Kirby*, 6 Idaho 210, 55 P. 295 (1898), in proceedings below, the contest was between a judgment creditor and a homestead declarant, where there was a defective acknowledgment to the declaration of homestead. When the homestead declarant sought reformation or correction under what is now I.C. § 55–725, this Court denied such relief on the basis that homesteads were not within the purview of that section:

> But it is claimed by counsel for defendants that, as the acknowledgment was properly taken, and that the defect in the certificate arose from an oversight on the part of the notary, the defendants are entitled to have said certificate reformed in this action, and that such reformation shall relate back to the time of the filing for record of the declaration of homestead. We cannot agree with this contention. *We have examined all of the authorities accessible cited by counsel in support of his position, and find that without exception they apply to cases of conveyances. A homestead is not a conveyance.* It possesses none of the essential requisites of a conveyance. There is neither grantor, nor grantee, nor consideration in a declaration of homestead. There is no transfer of, or change in, the title. It is the act of the owner of the property, whereby such owner secures a right or privilege given him by the statute, and which is in derogation of the common law and common right, and which can only be secured by a substantial compliance with the provision of the statute, conditions precedent to the investiture of the property with the exceptional character contemplated.

*Burbank v. Kirby*, 6 Idaho 210, 213–14, 55 Pac. 295, 296 (1898).

One of the cases relied upon by the respondent was *Brusie v. Gates*, 80 Cal. 462, 22 P.

284 (1889), and, although it did not involve an acknowledgment, but the sufficiency of a constable's levy and the deficiency of the constable's return, the language used by the California court was nearly that of the statute with which we are presently concerned, which was borrowed from California and noteworthy, so I believe, because it wholly supports the opinion authored by Chief Justice Donaldson in *New Concept:*

As we read the constable's return this evidence did not tend in any way to contradict it. *The offer was not to prove that the return was false in any respect, but to prove that something was done in addition to what was therein recited.* Nor do we think the evidence could have been excluded on the ground that the appellant was not bound to take notice of acts done by the officer and not set out in his return. It is conceded that he had notice of the judgment and the issuance of the attachment. *The return of the constable, and the recording of the notice of the attachment in the recorder's office, were notice sufficient to put him on inquiry, and, if the return might lawfully be aided by parol evidence, he was bound to take notice of the fact, and he took the land at his peril, and subject to the right of the respondent to make good his title by such evidence.* The written return of an officer is not the only evidence of the fact that the writ was properly served; *therefore, if the return simply omits to state any fact necessary to a valid service, such fact may be supplied by parol evidence, so long as the facts stated in the return are not varied or contradicted in such way as to affect vested rights.*

*Brusie, supra,* 22 P. at 286 (emphasis added).

Another of the cases relied upon by respondent in *Burbank* did involve the certificate to an acknowledgment, and is directly on point. That case, *Wedel v. Herman,* 59 Cal. 507 (1881), in addition to chronologizing a good history of California statutes governing acknowledgment requirements of married women in that state, dealt with

section 1202 of the Civil Code of California—identical to I.C. § 55–725. There a grantor executed a deed

and acknowledged the execution thereof in every particular, required by law, before a proper office; but the officer, in annexing his certificate of acknowledgment to the conveyance, inadvertently and by mistake omitted to certify therein that, upon an examination without the hearing of her husband, he had made her acquainted with the contents of the conveyance. Upon this defective certificate the conveyance itself, completely executed and acknowledged, was recorded, and, after registration, delivered to the donee, who had been, since the commencement of the action, and for more than four years prior thereto, seised, and possessed of the premises, and that the defendant Herman had actual notice of the conveyance and transfer of the property before the judgment taken against the grantor in the year 1880, under which and the execution levy and Constable's sale he claims title to it as a subsequent purchaser.

*Wedel, supra,* at 515.

In upholding a reformation of the certificate of acknowledgement, the court elaborated:

When acknowledgment has been made, according to law, before an officer qualified by law to take it, the party making it has done all that the law requires to make the instrument her act and deed. Her deed thus executed and acknowledged may be valid, though defectively certified. The embodiment of the fact of acknowledgment, in the form of the certificate prescribed by law, devolves upon the officer who has taken the proof of it, and not upon the party making it. In taking the acknowledgment the officer acts judicially; and if he blunders in certifying to an acknowledgment duly made, or makes a defective or false certificate, he can not alter or amend it, because, after taking the acknowledgment and delivering the return, his functions cease, and he is discharged from all further

authority. (*Bours v. Zachariah et Ux.,* 11 Cal. 281.) But what he can not do, may now be done by a Court of equity, for, by Section 1202 of the Civil Code, jurisdiction to correct a defective certificate of acknowledgment has been conferred upon the Superior Court.

*Wedel, supra,* at 513–14.

With this revelation of the workings of I.C. § 55–725, and the authority of the *Bunnell* case, and in the interests of clarifying the law, again I submit that *Harris v. Reed* be overruled before it one more time may be used to some person's prejudice.