784 P.2d 885

**CREDIT BUREAU OF LEWISTON-CLARKSTON, INC., an Idaho corporation, Counterclaimant-appellant.**

v.

**The IDAHO FIRST NATIONAL BANK, Counterdefendant-respondent.**

No. 17894.

Supreme Court of Idaho.

Dec. 26, 1989.

Rapaich, Knutson & Chapman, Lewiston, for counterclaimant-appellant. John Michael Stellmon argued.

Clements, Brown & McNichols, Lewiston, Idaho, for counterdefendant-respondent. Robert P. Brown argued.

BAKES, Chief Justice.

Credit Bureau of Lewiston/Clarkston (CBLC) has appealed from the district court's ruling that, due to their failure to file a *lis pendens* in connection with their action to foreclose a mechanic's lien, respondent Idaho First National Bank (IFNB) did not have constructive notice of the lien or the foreclosure action, and that IFNB's subsequently recorded deed of trust has priority. We affirm.

I

On April 2, 1984, Joe H. Dimke filed a mechanic's lien for services rendered to S. of K.G. Enterprises. On May 2, 1984, Dimke filed a second claim of lien alleging that the owners of the property against whom the lien was sought were S. of K.G. Enterprises, Stilson Meats, Inc., or Dan Stilson and his wife. The district court found this lien to be valid, and that validity is not questioned on appeal.

On August 30, 1984, CBLC took an assignment of the Dimke claim. On October 2, 1984, a timely action to foreclose the lien was filed by CBLC in Dimke's name and on February 14, 1985, an amended complaint was filed substituting CBLC for Dimke. CBLC did not file a *lis pendens* in connection with the foreclosure action.

On January 16, 1985, more than six months after the Dimke lien was filed, IFNB loaned Stilson Meats $100,000.[1] The loan was secured by a deed of trust which applied to the same real property as CBLC's mechanic's lien. Prior to making the loan, IFNB obtained a preliminary title report on the property which failed to disclose the claim of lien or the pending fore-

---

1. In 1986, Lewiston Meats, Inc., acquired the assets and assumed the obligations of Stilson Meats, Inc., including the obligation owed to IFNB. On December 12, 1986, the IFNB loan was re-documented to substitute Lewiston Meats, Inc., for Stilson Meats, Inc.

closure action. The loan went into default, and on October 23, 1987, IFNB filed an action to foreclose the deed of trust. By this time IFNB had become aware of the mechanic's lien, and CBLC was named as a defendant. CBLC filed an answer and counterclaim and sought a determination that its mechanic's lien on the property was prior in time and superior in right to IFNB's interest.

Both IFNB and CBLC moved for summary judgment on their respective claims, and the district court concluded that IFNB had neither actual nor constructive notice owing to CBLC's failure to file a *lis pendens*. The court granted IFNB's motion for summary judgment and denied CBLC's.

On May 5, 1988, the district court entered an order on CBLC's motion for reconsideration, stating that IFNB did not have constructive notice of the mechanic's lien, but further held that genuine issues of material fact remained as to whether IFNB had actual notice. A trial was then held on the issue of actual notice, and on November 16, 1988, the district court filed findings of fact and conclusions of law holding that IFNB did not have actual notice of CBLC's mechanic's lien. Given the prior ruling on constructive notice, the district court concluded that IFNB's lien was prior in time and superior in right to CBLC's mechanic's lien.

On appeal CBLC concedes that IFNB did not have actual notice and appeals only the district court ruling that IFNB did not have constructive notice because of CBLC's failure to file a *lis pendens*.

## II

The sole issue on appeal is whether it is necessary to file a *lis pendens* in connection with an action to foreclose a mechanic's lien in order to give constructive notice of the foreclosure of the lien beyond the six-month period required for commencing such action. We have not ruled on this precise issue in any prior case.

Determination of this issue rests primarily upon an examination of the interrelationship between those provisions of the Idaho Code that govern mechanic's liens and the

*lis pendens* statute. I.C. § 5–505 (the *lis pendens* statute) reads as follows:

> **5–505. Lis pendens.**—In an action affecting the title or the right of possession of real property, the plaintiff at the time of filing the complaint, and the defendant at the time of filing his answer, when affirmative relief is claimed in such an answer, or at any time afterward, may file for record with the recorder of the county in which the property or some part thereof is situated, a notice of the pendency of the action.... From the time of filing such notice for record only shall a purchaser or incumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action....

I.C. § 45–510 provides in pertinent part:

> **45–510. Duration of lien.**—No lien provided for in this chapter binds any building, mining claim, improvement or structure for a longer period than six (6) months after the claim has been filed, unless proceedings be commenced in a proper court within that time to enforce such lien....

I.C. § 45–516 states:

> **45–516. Rules of practice and appeals.** —Except as otherwise provided in this chapter, the provisions of this code relating to civil actions, new trials and appeals are applicable to, and constitute the rules of practice in, the proceedings mentioned in this chapter: provided, that the district courts shall have jurisdiction of all actions brought under this chapter.

CBLC asserts that under I.C. § 45–510 a properly filed mechanic's lien will bind the property if an action to foreclose the lien is filed within six months; that no qualifications or limitations can be found in relation to this rule; and that it is superfluous to require the filing of a *lis pendens* to give notice of an already recorded interest. CBLC also maintains that I.C. § 5–505 does nothing more than alter the common law rule that a suit itself is constructive notice of another's interest in real property. Conversely, IFNB argues that since an action to foreclose a mechanic's lien is an action

"affecting the title to real property" within the meaning of I.C. § 5–505, there is no constructive notice of an action to foreclose a mechanic's lien unless a *lis pendens* is filed, and that the *lis pendens* statute applies to actions to foreclose mechanic's liens by virtue of the referral statute, I.C. § 45–516. The district court agreed with IFNB and found that "a party must file a *lis pendens* in order to secure a mechanic's lien if the action to enforce the mechanic's lien extends beyond the six months durational period provided by I.C. 45–510." We agree.

The language contained in I.C. § 45–516 is straightforward: "Except as otherwise provided in this chapter, *the provisions of this code relating to civil actions*, new trials and appeals *are applicable to ... the proceedings mentioned in this chapter ....*" (Emphasis added.) Where the meaning of a statute is clear, we are confined to follow that meaning and neither add to nor take away by judicial construction. *St. Benedict's Hospital v. County of Twin Falls*, 107 Idaho 143, 686 P.2d 88 (Ct.App.1984).

I.C. § 5–505, a "provision of the Idaho Code relating to civil actions," states that in actions affecting the title or right to the possession of real property, such as an action to foreclose a mechanic's lien, the plaintiff may file a notice of the pendency of such action, but a subsequent purchaser or encumbrancer will not be put on constructive notice unless a *lis pendens* is filed.

We therefore affirm the district court. Costs to respondent. No attorney fees awarded.

JOHNSON and BOYLE, JJ., and TOWLES, J. Pro Tem., concur.

**2.** Judge Dietrich was appointed as a United States District Judge for the District of Idaho on March 20, 1907; and to the Ninth Circuit on December 22, 1926. He was the author of the Dietrich Decree which settled water rights relative to *Kunz v. Utah Power & Light*, No. 18076 (Idaho Supreme Court, filed April 4, 1989.)

**3.** According to I.C. § 45–510, no properly recorded lien is binding for more than six months "after the claim has been filed, *unless* proceed-

BISTLINE, Justice, dissenting.

The issue presented in this case was thoughtfully and definitively answered in 1915, by the well-respected and honorable Judge Frank Dietrich.[2] Up until now, no court had questioned the determination that was made in 1915. Now, without discussing case precedent, a majority of this Court has thrown away what Idaho judges, practitioners, and working men and women of Idaho have relied upon for almost one hundred years.

The majority is clearly in error in holding that without the filing and recording of a lis pendens in a timely filed lien foreclosure action, a subsequent encumbrancer is not placed on constructive notice of a valid and recorded mechanic's lien. The Idaho First National Bank clearly *is* chargeable with constructive notice of the mechanic's lien; the filing and recording of a lis pendens on the facts of this case would have been mere surplusage.

A short restatement of the facts as related in the majority opinion: Joe Dimke filed a mechanic's lien against property then owned by one or all of these entities: S. of K.G. Enterprises, Dan Stilson and his spouse, and Stilson Meats, Inc. The district court determined this lien was valid. The validity of the claimed lien was not questioned on appeal. Dimke's lien was assigned to Credit Bureau; prior to the six months expiration deadline[3] Credit Bureau brought an action in district court to reduce the lien to judgment. Approximately three months after Credit Bureau's action was commenced, the Bank loaned Stilson Meats $100,000, taking a note and mortgage on the property which had previously been subjected to the mechanic's lien as security. The borrower, Stilson Meats,[4] defaulted.

ings be commenced in a proper court within [six months] to enforce such lien." (Emphasis added.)

**4.** By the time of the loan default, Lewiston Meats had acquired all the assets and obligations of Stilson Meats. This note is added for clarity; it has no impact on the question of law presented.

The Bank has claimed that its mortgage lien was prior in right to the filed claim of lien because of the Credit Bureau's failure to file a lis pendens giving constructive notice of its pending foreclosure action. At stake is the sum which the Bank perforce is obliged to pay Credit Bureau. To escape that loss the Bank, or its insurer of title, asserts that (for the first time in almost one hundred years) the filing of a lis pendens in a mechanic's lien foreclosure action was legally required in order *to preserve* the efficacy of the mechanic's lien.

According to I.C. § 55–811, "[e]very conveyance of real property acknowledged or proved, and certified, and recorded as prescribed by law, from the time it is filed with the recorder for record, *is constructive notice of the contents thereof to subsequent purchasers and mortgag(e)es.*" (Emphasis added.) The Bank is such a subsequent mortgagee. A "conveyance," according to I.C. § 55–813, "embraces every instrument in writing by which any estate or interest in real property is created, alienated, mortgaged, or encumbranced, or by which the title to any real property may be affected, except wills." The mechanic's lien in this case was such an existing *encumbrance* on the property which Stilson Meats mortgaged to the Bank. There is no suggestion in the record or anywhere that Dimke's claim of mechanic's lien was not properly filed. Nor is there any suggestion that Dimke's assignment was not valid.

A recorded claim of mechanic's lien is presumed by the code provisions cited above to give constructive notice thereof to the world—which includes the Bank. According to I.C. § 45–507, a person (such as Joe Dimke) who is "claiming the benefit of this chapter must, ... within sixty days, ... file for record with the county recorder ... [with] a description of the property to be charged with the lien, sufficient for identification,...." Dimke did so.

The county recorder is charged by statute with keeping records and indexes of mechanic's liens. See I.C. § 31–2402(5) and § 31–2402(16). I.C. § 55–808 states that "[i]nstruments entitled to be recorded must be recorded by the county recorder of the county in which the real property affected thereby is situated." "An instrument is deemed to be recorded when, being duly acknowledged, or proved and certified, it is deposited in the recorder's office with the proper officer for record." I.C. § 55–809. Even the county officer's negligence in failing to perform his recording duties does not defeat the instrument—*it is deemed recorded nevertheless. Oregon Short Line R.R. v. Stalker,* 14 Idaho 371, 385, 94 P. 56, 63 (1908); holding reaffirmed in *O'Connor v. Board of County Comm'rs,* 17 Idaho 346, 350–51, 105 P. 560, 561–62 (1909).

Where a mechanic's lien is involved, this Court has also held that *no acknowledgement to the claim of lien is required:*

> The United States Ninth Circuit Court of Appeals has certified to us the following issue: Whether under Idaho law a mechanic's lien filed under Title 45, Chapter 5 of the Idaho Code must include an acknowledgement, pursuant to I.C. § 55–805, in order for it to be properly recorded. We hold that it does not, and never has.

*In re GVR Ltd. Co., Inc.,* 107 Idaho 1101, 1102, 695 P.2d 1240, 1241 (1985).

While the Bank may argue that it had no actual knowledge or notice of the lien, it cannot avoid the fact that constructive notice was given as required under I.C. § 55–811.[5] Moreover, the right to file and have recorded a lis pendens appears to be discretionary, so as to be not required where the filing would be unnecessarily duplicitous:

> In an *action affecting the title or the right of possession of real property,* the plaintiff ... *may file* for record with the recorder of the county.... From the

---

5. It is interesting to note that abstractors of title are required by statute to post bond, to cover "any or all damages that may accrue to any party or parties, by reason of any error, deficiency or mistake in any abstract or certificate of title, made and issued by such person or persons." I.C. § 54–101. The record demonstrates that a title report was acquired by the Bank prior to its making the loan and accepting the note and mortgage.

time of filing such notice for record only shall a purchaser or incumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action [meaning only the action in which the lis pendens is filed], and only of its pendency against parties designated by their real names.

I.C. § 5–505 (emphasis added). There are instances in which the filing of a lis pendens is a prerequisite, but in such instances the code *explicitly alerts the litigants* who seek the benefits thereof. See for example I.C. § 6–504 (partition of real estate); I.C. §§ 59–829 and 830 (bonds of officers and public employees). Contrary to the majority opinion, nothing in the Idaho Code requires that a mechanic's lien, being judicially foreclosed within the statutory six month period, must be fortified by lis pendens notice in order to preserve the lien. As a fact of life, lis pendens may perchance provide *additional constructive notice* of a mechanic's lien, but in almost one hundred years no court in Idaho has ever held or even intimated that a valid mechanic's or materialman's lien, upon which a timely foreclosure action has been commenced, has lost its efficacy as an encumbrance by reason of not being followed by the filing and recording of a lis pendens in the lien foreclosure action.

It simply is not the business of courts to judicially alter the time-tested and honored lien procedures established by the legislature. Until today this Court has not been prone to do so. Why it now does so is not understood. The majority opinion quotes with approval the misstatement made by the district court that "a party must file a *lis pendens* in order to secure a mechanic's lien *if the action to enforce the mechanic's lien extends beyond the six months durational period provided by I.C. 45–510.*" 117 Idaho at 30, 784 P.2d at 886 (emphasis added). I cannot understand how the majority opinion accepts this language without first explaining its meaning. Taken at face value, the sentence can only suggest the district court's (and the majori-

ty's) belief that the valid filing of a mechanic's lien will retain its efficacy as an encumbrance *for six months only,* and thereafter is a nullity unless a filed and recorded lis pendens has been cranked in and takes over. This is aught but an interesting thought, which has been neither substantiated nor analyzed.

In *Boise Payette Lumber Co. v. Weaver,* 40 Idaho 516, 234 P. 150 (1925), this Court stated that "... a mechanic's lien does not continue unless proceedings are commenced in a proper court against the person, or persons, against whose interest the lien is asserted, within the time limited by the statute." 40 Idaho at 519, 234 P. at 151 (citations omitted). A then recent Idaho case was cited for the proposition stated, together with two cases from the Ninth Circuit Court of Appeals. Those two cases were appeals of decisions made by United States District Judge Frank Dietrich, twenty-three years after he had been admitted to the Idaho Bar in 1891. The year 1892 was just one year prior to the first enactment of Idaho's statute providing for the securing of a mechanic's lien. Otherwise put, in 1893 Judge Dietrich was a practicing attorney, when the mechanic's lien enactment was passed. It is not surprising that he had more than a passing acquaintance with its provisions, nor is it surprising that his two district court decisions were upheld by the Ninth Circuit Court of Appeals.

These two Circuit Court cases were decided in May of 1915, the first being *Continental & Commercial Trust & Savs. Bank v. Pacific Coast Pipe,* 222 F. 781 (9th Cir.1915), followed by *D.W. Standrod [6] & Co. v. Utah Implement–Vehicle Co.,* 223 F. 517 (9th Cir.1915). In the first case the Circuit Court stated and held as follows:

ROSS, Circuit Judge.... The appellant contends that its lien was superior to that of the appellee's mortgage and had not expired as to the latter at the time it filed its cross-bill to foreclose. The court below held against the appellant upon the last proposition, and if it was correct in that ruling, it will be unnecessary for

---

**6.** D.W. *Standrod was admitted to the Idaho bar in 1895. The Standrod Corporation, a trustee in that case, was represented on the appeal by*

William A. Lee, of Blackfoot, Idaho, and later a Justice of the Idaho Supreme Court, 1921–1926.

us, as it was for that court, to determine which was the prior lien.

Mechanic's and materialmen's liens do not exist under the common law, but are creatures of statute law only. Section 5110 of the Idaho Revised Codes gives to every person performing labor upon or furnishing materials to be used in the construction, alteration, or repair of any mining claim, building, wharf, bridge, ditch, dyke, flume, tunnel, fence, machinery, railroad, wagon road, aqueduct to create hydraulic power, or any other structure, a lien upon the same for work done or materials furnished. Section 5114 of the same statutes provides that such liens are preferred to other encumbrances attaching subsequent to the time when the structure was commenced or the work done or materials furnished. Section 5115 requires that any person claiming such a lien shall, within the period therein prescribed, file in the office of the county recorder of the county in which the property is situated his verified claim therefor, stating certain prescribed facts, and section 5118 is as follows:

> "No lien provided for in this chapter binds any building, mining claim, improvement or structure for a longer period than six months after the claim has been filed, unless proceedings be commenced in a proper court within that time to enforce such lien; or, if a credit be given, then six months after the expiration of such credit; but no lien shall continue in force under this chapter for a longer period than two years from the time the work is completed, or credit given, unless proceedings to enforce the same shall have been commenced."

The true construction of the first clause of the section just quoted is, we think, the controlling question in this case. As will be seen, it in effect declares that no such lien given by the Idaho statute shall bind any structure to which it has attached for a longer period than six months after the claim has been filed, *unless proceedings be commenced in a proper court within that time to enforce such lien.*

*Continental*, 222 F. at 784–85 (emphasis added). Otherwise put, it cannot be gainsaid that *the perfected lien upon which enforcement has been commenced continues to bind the structure to which it has attached when the required court action was timely commenced.*

In the second case, decided also in May 1915, the Circuit Court cited to *Continental*, stating that there "the same question was presented, and we upheld the construction given to the Idaho statute by the court below. Upon a reconsideration of the question, we are not convinced that that construction is erroneous, notwithstanding that in the present case, it results in harshness and injustice to lien claimants." *D.W. Standrod*, 223 F. at 519.

Thus it is seen that in construing and applying the statutory procedures for claiming, perfecting, and enforcing a mechanic's lien, both by Idaho lawyers practicing and judging in the federal system and those doing the same in the Idaho state courts, were all of the same accord: take the legislature's handiwork at full face value, absent any improper judicial tinkering. For reasons I can neither agree to, nor understand or explain, the majority of this Court has now decided to sweep away history and judicially add a new requirement to the pursuit of a mechanic's lien.